OPINION OF THE COURT
 

 Memorandum.
 

 
 *708
 
 information provided in the application for the warrant to search defendant’s apartment to justify the issuance of that warrant.
 

 Before the detective opened the mailbox, he had discovered lawfully that the occupant of a certain apartment owned the keys found near the victim’s body and that these keys fit the defendant’s mailbox. This information, together with the other incriminating evidence acquired before and unrelated to the opening of the mailbox, was sufficient to support the lawful issuance of a warrant to conduct the search of the defendant’s apartment which, in turn, led to the incriminating evidence which the defendant sought to suppress.
 

 The validity of the warrant to search the apartment based upon this properly obtained information, would not be tainted even if the same application contained unlawfully acquired information; provided, of course, that the lawfully acquired information is sufficient to provide probable cause for the search
 
 (People v Arnau,
 
 58 NY2d 27, 38). Here, all of the evidence which was found, including that one of the keys fit the mailbox assigned to the defendant, was included in the search warrant application. That evidence, establishing the probability that the killer lived in the apartment, provided ample cause for the issuance of the warrant.
 

 We have considered defendant’s other arguments and find them to be without merit.
 

 Chief Judge Cooke and Judges Jasen, Jones, Wacht-ler, Meyer, Simons and Kaye concur.
 

 Order affirmed in a memorandum.