■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN CASSILI-ANO, Appellant. — Appeal by defendant from a judgment of the Supreme

Court, Richmond County (Sangiorgio, J.), rendered January 3, 1983, convicting him of the crimes of receiving reward for official misconduct in the second degree and official misconduct, upon a jury verdict, and imposing sentence. ¶ Judgment affirmed, and the case is remitted to the Supreme Court, Richmond County, for further proceedings pursuant to CPL 460.50 (subd 5). ¶ We find that the superseding indictment which alleged, *inter alia,* that on or about September 1, 1977, to on or about March 31, 1979, defendant, then a salaried supervisory employee of the Department of Sanitation, in exchange for money from certain named waste transporters, arranged for and permitted the dumping and burying of unrecorded and unauthorized liquid waste material at the Brookfield Truckfill in Staten Island, was sufficiently specific under the circumstances of this case (see *People v Morris,* 61 NY2d 290). In *Morris* (*supra*) the Court of Appeals stated that an indictment should not be dismissed as defective with respect to the time period alleged for the commission of a crime, if it provides a reasonable approximation, under the circumstances of the individual case, of the date or dates involved. The court made clear that in an indictment a designated period of time, as opposed to a specific date, may be set forth (CPL 200.50, subd 6), and set out the standards to be applied in determining whether an indictment should be dismissed for failure to sufficiently detail when a crime was allegedly committed. ¶ In applying the *Morris* standards, we note that: The defendant was charged with continuing and clandestine offenses. The dates are not material elements of the crimes. It is not disputed that the witnesses were unable to provide the precise dates and hours involved, and there is no allegation of bad faith on the part of the People. Moreover, defendant was informed of the nature of the charges, the conduct underlying them, the time span within which they were committed, and the place of the crimes. Thus, the indictment provided reasonable and adequate notice and defendant was not prevented from preparing a defense on the merits, notwithstanding that it would have been easier to prepare an alibi defense if the exact dates and times of the offenses were known and provided. Additionally, the indictment contained such other particularity so as to provide defendant with the means of preventing a subsequent prosecution for the same charges. ¶ We have considered defendant's other contentions and find them to be without merit. Bracken, J. P., Niehoff, Rubin and Lawrence, JJ., concur.