■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LORRAINE A. VONDERHYDE, Appellant.—Appeal by defendant from a judgment of the County Court, Orange County (Patsalos, J.), rendered May 21, 1984, convicting her of criminal possession of marihuana in the second degree and criminally using drug paraphernalia in the second degree, upon her plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the

defendant's omnibus motion which was to controvert a search warrant and to suppress physical evidence seized in execution thereof.

Judgment affirmed. This case is remitted to the County Court, Orange County, for further proceedings pursuant to CPL 460.50 (5).

The hearing court found that some of the information which was included in the application for the search warrant had been obtained by the undercover police officer while illegally trespassing on defendant's property. Defendant argues that, given this fact, either the entire warrant application should have been invalidated or, alternatively, the hearing court should have found that without the information obtained by the trespass there was insufficient evidence in the application to establish probable cause. We disagree with both of these contentions. It is well settled that where a search warrant application contains some information obtained through unlawful means, a search pursuant to that warrant will nevertheless be upheld if the application contained sufficient lawfully obtained information, untainted by and independent of the illegality to constitute probable cause *(see, e.g., Franks v Delaware,* 438 US 154; *People v Harris,* 62 NY2d 706; *People v Plevy,* 52 NY2d 58; *People v Seidita,* 49 NY2d 755; *People v Arnau,* 58 NY2d 27, *cert denied* — US —, 104 S Ct 3585).

It is clear from the chronology of events set forth in the warrant application, and as found at the hearing, that the police had acquired certain information about defendant's criminal activities prior to, and independent of, the undercover officer's observations of illegal activity obtained while he was trespassing on defendant's property.

We agree with the hearing court's determination that upon the lawfully obtained evidence alone, the magistrate had a substantial basis to believe that a search of defendant's home would uncover marihuana *(see, e.g., Brinegar v United States,* 338 US 160). Lazer, J. P., O'Connor, Niehoff and Kooper, JJ., concur.