■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH HATCHETT, Appellant.—Judgment unanimously affirmed. Memorandum: The suppression court properly denied defendant's motion to suppress. The record at the suppression hearing clearly supports the court's determination that the conversations overheard and observations made by the police during their surveillance of two hotel rooms were sufficient, standing alone, to provide probable cause for the issuance of the search warrant, independent of any observations they may have made upon their initial illegal entry into the hotel rooms.

Defendant and a female companion were occupying room 1116 at the hotel. Police officers, who occupied an adjacent room, were able to conduct a surveillance of that room by looking through the peephole on their door and were able to overhear conversations in room 1116 through a common door. The officers overheard several conversations which related to drug activity. Later that evening, they were advised that defendant's companion rented room 1114 in defendant's name. Although the police could not physically observe that room from their location, they were aware that there was traffic between the rooms. They also overheard a directive from room 1116 to go to the other room to get the "cut", a term denoting

a dilutant for cocaine. Defendant was found hiding in a closet in that room when it was secured by the police.

On this record, we conclude that the evidence seized, pursuant to the valid search warrant obtained on the basis of information gathered from lawful sources prior to and independent of the initial illegal entry, did not constitute the fruit of any prior police illegality and was properly held to be admissible at trial (see, People v Harris, 62 NY2d 706; People v Arnau, 58 NY2d 27, cert denied 468 US 1217). (Appeal from judgment of Onondaga County Court, Burke, J.—criminal possession of controlled substance, first degree.) Present—Dillon, P. J., Callahan, Boomer, Green and Lawton, JJ.