■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SANTIAGO VALDEZ, Appellant. [715 NYS2d 654] —Appeal by the

defendant from a judgment of the Supreme Court, Queens County (Fisher, J.), rendered July 31, 1997, convicting him of murder in the second degree (two counts) and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Demakos, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, suppression of the physical evidence, a gun, was not warranted. The gun was seized pursuant to a valid search warrant adequately supported by information which was obtained prior to and independently of any alleged illegal entry and which amply demonstrated probable cause for the search (*see, People v Harris,* 62 NY2d 706; *People v Arnau,* 58 NY2d 27, *cert denied* 468 US 1217; *People v Aguirre,* 220 AD2d 438; *People v Vonderhyde,* 114 AD2d 479).

Although the murders occurred in the course of one extended transaction, each killing was caused by the defendant's affirmative act of firing multiple shots. Accordingly, each offense was a separate and distinct act which justified the imposition of consecutive sentences (*see, People v Brathwaite,* 63 NY2d 839; *People v Black,* 249 AD2d 318; *People v Glass,* 179 AD2d 774). Moreover, the sentence imposed was not excessive (*see, People v Suitte,* 90 AD2d 80). Thompson, J. P., Luciano, Feuerstein and Schmidt, JJ., concur.