■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JULIO RIVERA, Appellant. [762 NYS2d 828] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Marrus, J.), rendered February 8, 2001, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence was legally insufficient to establish his guilt is unpreserved for appellate review since he did not specify this ground in his motion to dismiss at trial *(see* CPL 470.05 [2]; *People v Gray,* 86 NY2d 10 [1995]; *People v Udzinski,* 146 AD2d 245 [1989]). In any event, viewing the evidence in the light most favorable to the prosecution *(see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the trier of fact, which saw and heard the witnesses *(see People v Gaimari,* 176 NY 84, 94 [1903]). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see People v Garafolo,* 44 AD2d 86, 88 [1974]). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see* CPL 470.15 [5]).

The defendant has not preserved for appellate review his

contention that the jury charge regarding interested witnesses was unbalanced (*see* CPL 470.05 [2]; *People v Udzinski, supra*). In any event, the charge adequately conveyed to the jury the appropriate standards for evaluating witness testimony (*see People v Inniss,* 83 NY2d 653 [1994]; *People v Johnson,* 284 AD2d 344 [2001]). Prudenti, P.J., Townes, Mastro and Rivera, JJ., concur.