THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS PORTALATIN, Appellant. [795 NYS2d 334]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Demarest, J.), rendered April 28, 2003, convicting him of kidnapping in the second degree and robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the prosecutor's allegedly improper questions during cross-examination and comments during summation constituted reversible error is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Smith*, 13 AD3d 401 [2004], *lv denied* 4 NY3d 803 [2005]). In any event, contrary to the defendant's contention, the prosecutor's questioning of him on cross-examination and suggestion during summation that he tailored his testimony after hearing the testimony of the prosecution's witnesses, was not unduly prejudicial (*see Portuondo v Agard*, 529 US 61 [2000]; *People v Allien*, 302 AD2d 468, 469 [2003]; *People v Lowery*, 281 AD2d 491 [2001]). The prosecutor's attack on the defendant's credibility does not require reversal, and his comments on summation were fair responses to the defense counsel's summation (*see People v Banks*, 258 AD2d 525, 526 [1999]; *People v Elliot*, 216 AD2d 576 [1995]). As such, the prosecutor's questions and remarks were entirely within the bounds of fair comment.

The defendant's contentions that his sentencing as a persistent felony offender violated his constitutional rights to notice and a jury trial pursuant to *Apprendi v New Jersey* (530 US 466 [2000]), and that the Supreme Court did not comply with the procedural requirements of Penal Law § 70.10 and CPL 400.20 in adjudicating him a persistent felony offender, are unpreserved for appellate review and, in any event, without merit (*see People v Rosen*, 96 NY2d 329 [2001], *cert denied* 534 US 899 [2001]; *People v Cruz*, 308 AD2d 458, 459 [2003]; *People v Hudson*, 296 AD2d 510, 511 [2002]).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Florio, J.P., Schmidt, Santucci and Spolzino, JJ., concur.