THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EGBERT GRANT, Appellant. [802 NYS2d 686]—

Judgments, Supreme Court, Bronx County (Patricia Anne Williams, J.), rendered February 21, 2003, convicting defendant, after a jury trial, of five counts of criminal contempt in the first degree, and sentencing him, as a second felony offender, to four concurrent terms of 2 to 4 years consecutive to a term of 2 to 4 years, and also convicting him, upon his plea of guilty, of criminal contempt in the first degree, and sentencing him to a consecutive term of 1⅓ to 4 years, unanimously modified, on the law, to the extent of directing that all five sentences imposed for the convictions after trial run concurrently, and as a matter of discretion in the interest of justice, to the extent of directing that the sentence imposed on the plea conviction run concurrently with the other sentences, and otherwise affirmed.

The court's *Sandoval* ruling, which permitted the People to elicit all of defendant's six prior criminal contempt convictions, was an improvident exercise of discretion (*see People v Hayes*, 97 NY2d 203 [2002]; *People v Walker*, 83 NY2d 455, 458-459

[1994]). While contempt represents defiance of a court's authority and is thus relevant to credibility, and while the similarity between a defendant's prior convictions and present charges does not shield such defendant from impeachment, here the court made no attempt to limit the number of convictions that could be used or to balance their prejudicial effect against their probative value. However, we find the error to be harmless since the evidence against defendant was overwhelming and there was no significant probability that defendant would have been acquitted had the error not occurred, and had defendant consequently chosen to testify (*see e.g. People v Devine*, 276 AD2d 258 [2000], *lv denied* 95 NY2d 933 [2000]).

The court improperly imposed a consecutive sentence for one of the five contempt counts upon which defendant was convicted after trial. A court may not impose consecutive sentences for crimes committed through a single act, even against multiple victims (*compare People v Ramirez*, 89 NY2d 444 [1996], *with People v Brathwaite*, 63 NY2d 839 [1984]). Defendant had been charged with five counts of first-degree criminal contempt, for violating an order of protection directing him to stay away from his ex-wife and each of their four children. Each of the five counts, which were otherwise identical, named a different family member. The trial evidence established that there were several incidents on the same day, and that in at least one of these incidents defendant violated the order of protection through a single act involving all five of his family members, while in another incident defendant violated the order through a separate act involving one of his sons. However, the five counts of the indictment did not distinguish factually among any of the confrontations, and there was no separate count for the particular incident involving only one child. At sentencing, the court concluded that the conviction for the count of the indictment naming that child was based on defendant's separate encounter with this son, rather than defendant's joint encounter with the five family members. This was error, because nothing in the indictment, the court's charge, or the jury's verdict supported that conclusion (*see People v Parks*, 95 NY2d 811, 815 [2000]). Therefore, the court was constrained by Penal Law § 70.25 (2) to impose concurrent sentences.

We also find that the imposition of a consecutive sentence for the plea conviction was unduly harsh under the circumstances. Concur—Friedman, J.P., Sullivan, Nardelli, Gonzalez and Sweeny, JJ.