THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RODNEY LLOYD, Appellant. [805 NYS2d 20]—

Judgment, Supreme Court, Bronx County (Steven Lloyd Barrett, J., on dismissal motion; Margaret Clancy, J., at jury trial and sentence), rendered April 8, 2004, convicting defendant of sodomy in the first degree, sexual abuse in the first degree and endangering the welfare of a child, and sentencing him, as a persistent violent felony offender, to two consecutive terms of 25 years to life concurrent with a term of one year, unanimously modified, on the law, to the extent of vacating the provisions for DNA databank fees and sex offender registration fees and reducing the amounts of the mandatory surcharge and crime victim assistance fees from $200 and $10 to $150 and $5, respectively, and otherwise affirmed.

The motion court properly denied defendant's motion to dismiss the indictment as time-barred. The applicable five-year statute of limitations was tolled pursuant to Criminal Procedure Law § 30.10 (4) (a) (ii) because defendant's identity and whereabouts were unknown following the attack and were unascertainable by the exercise of reasonable diligence (*see People v Seda*, 93 NY2d 307 [1999]). The People met their initial burden of showing reasonable diligence, and defendant did not meet his burden of proving the contrary (*see People v Jones*, 299 AD2d 283 [2002], *lv denied* 99 NY2d 655 [2003]). After this 1996 crime, law enforcement authorities exhausted all reasonable investigative steps and when, years later, they acquired the ability to solve the crime by matching DNA, this case was one of about 16,000 similar "cold cases" awaiting DNA comparison. Under these circumstances, the record warrants the conclusion that the People acted with reasonable diligence in obtaining a DNA match.

Defendant failed to preserve for appellate review his present constitutional challenge to the statutory procedure under which the court sentenced him as a persistent violent felony offender. In any event, it is without merit (*see People v Rosen*, 96 NY2d 329 [2001], *cert denied* 534 US 899 [2001]). Defendant's mandatory sentence was based on his prior convictions (*see Almendarez-Torres v United States*, 523 US 224 [1998]).

The court properly imposed consecutive sentences for the sodomy and sexual abuse convictions because the offenses were separate and distinct acts, notwithstanding that they occurred in the course of a continuous incident (*see* Penal Law § 70.25 [2]; *People v Laureano*, 87 NY2d 640, 643 [1996]; *People v Jones*,

256 AD2d 30, 31 [1998], *lv denied* 93 NY2d 900 [1999]). Defendant's claim that the procedure by which the court determined that he was eligible for consecutive sentences violated the principles of *Apprendi v New Jersey* (530 US 466 [2000]) is unpreserved and without merit (*see United States v White*, 240 F3d 127 [2d Cir 2001], *cert denied* 540 US 857 [2003]). The sentencing court did not engage in any fact-finding, but instead made a legal determination based on facts already found by the jury (*cf. People v Parks*, 95 NY2d 811 [2000]).

As the People concede, since the crime was committed prior to the effective dates of amendments to Penal Law § 60.35 providing for the imposition of sex offender registration and DNA databank fees, and increasing the mandatory surcharge and crime victim assistance fees, defendant's sentence is unlawful to the extent indicated. Concur—Saxe, J.P., Marlow, Ellerin, Gonzalez and McGuire, JJ.