■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SEAN PRITCHETT, Appellant. [814 NYS2d 281]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Rosengarten, J.), rendered December 18, 2003, convicting him of attempted murder in the first degree (four counts), aggravated assault upon a police officer (two counts), and attempted aggravated assault upon a police officer (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The Supreme Court properly imposed consecutive sentences on three of the defendant's attempted murder convictions because the offenses were separate and distinct acts, notwithstanding that they occurred in the course of a continuous incident (*see People v Laureano,* 87 NY2d 640, 643 [1996]; *People v Lloyd,* 23 AD3d 296, 297-298 [2005], *lv denied* 6 NY3d 755

[2005]; *cf.* Penal Law § 70.25 [2]). The defendant's claim that the procedure by which the Supreme Court determined that he was eligible for consecutive sentences violated the principles of *Apprendi v New Jersey* (530 US 466 [2000]) is unpreserved for appellate review and, in any event, without merit (*see People v Lloyd, supra* at 298; *United States v White,* 240 F3d 127, 135 [2d Cir 2001], *cert denied sub nom. Cruz v United States,* 540 US 857 [2003]). The Supreme Court did not engage in any fact-finding, but instead made a legal determination based on facts already found by the jury (*see People v Lloyd, supra* at 298).

The defendant's remaining contention is unpreserved for appellate review and we decline to reach it in the exercise of our interest of justice jurisdiction. Schmidt, J.P., Crane, Santucci and Spolzino, JJ., concur.