THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARCUS WIGGINS, Appellant. [817 NYS2d 670]—

Appeal by the defendant from a judgment of the County Court, Dutchess County (Hayes, J.), rendered August 21, 2003, convicting him of murder in the second degree, conspiracy in the second degree, and criminal possession of a weapon in the second degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's challenge to the legal sufficiency of the evidence is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Gray*, 86 NY2d 10 [1995]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

The defendant's challenge to the prosecutor's comments during summation is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Williams*, 305 AD2d 703 [2003]). In any event, the defendant was not denied his right to a fair trial by the prosecutor's comments. Although the prosecutor improperly referred to matters outside the "four corners of the evidence" (*People v Ashwal*, 39 NY2d 105, 109 [1976]), any prejudice that may have resulted therefrom was alleviated when the trial court sustained the defendant's objections and provided curative instructions to the jury (*see People v Williams*, 14 AD3d 519 [2005]; *People v Efferson*, 300 AD2d 674 [2002]; *People v Burrell*, 178 AD2d 422 [1991]).

The defendant correctly concedes that his challenge to the trial court's jury charge is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Rivera*, 307 AD2d 369, 369-370 [2003]; *People v Brown*, 209 AD2d 532 [1994]). In any event, the court's interested witness charge was proper (*see People v Varughese*, 21 AD3d 1126, 1128 [2005], *lv denied* 6 NY3d 782 [2006]; *People v Kallamni*, 14 AD3d 316, 316-317 [2005]; *cf. People v Jackson*, 74 NY2d 787, 790 [1989]). Moreover, no circumstantial evidence charge was necessary, as the People adduced both direct and circumstantial evidence of the defendant's guilt (*see People v Daddona*, 81 NY2d 990, 992 [1993]).

The defendant's contention that he was denied a fair trial by negative news reports during the trial regarding a street gang to which he belonged is unpreserved for appellate review (*see* CPL 470.05 [2]). In any event, "[t]he defendant has failed to show that any juror formed an opinion based on the negative publicity. Absent such a showing, the defendant's argument must fail" (*People v Hardwick*, 137 AD2d 714, 718 [1988]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Crane, J.P., Spolzino, Fisher and Lunn, JJ., concur.