■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PEARL NELSON, Appellant. [827 NYS2d 154]—

Judgment, Supreme Court, Bronx County (Richard Lee Price, J.), rendered December 3, 2003, convicting defendant, after a jury trial, of grand larceny in the fourth degree (three counts) and criminal possession of a weapon in the fourth degree, and sentencing him, as a second felony offender, to three consecutive terms of 2 to 4 years on the grand larceny convictions concurrent with a term of one year on the weapon possession conviction, unanimously modified, on the law, to the extent of directing that the sentences for the grand larceny convictions under counts two and three of the indictment run concurrently with each other but consecutively to the sentence on the other grand larceny conviction, and otherwise affirmed.

The verdict was based on legally sufficient evidence and was

not against the weight of the evidence. We reject defendant's argument that the evidence failed to establish grand larceny "from the person" (Penal Law § 155.30 [5]) of two of the victims. The testimony was that, as the first victim was entering her car, defendant approached her from behind and ordered her to turn over her own valuables and to instruct the other two victims, who were on the other side of the car, to pass over their valuables. Defendant's use of the first victim as an unwilling accomplice to remove property from the persons of the other victims created a sufficient physical nexus to satisfy the element of taking "from the person" (*see People v Haynes*, 91 NY2d 966 [1998]).

We modify to provide that the sentences for the larcenies committed against the second and third victims (counts two and three of the indictment) run concurrently with each other, but consecutively with the sentence for the larceny committed against the first victim (count one of the indictment). This result is required by the statutory mandate that concurrent sentences be imposed "for two or more offenses committed through a single act or omission" (Penal Law § 70.25 [2]), meaning that sentences imposed for two or more offenses may not run consecutively where "a single act constitutes two offenses" (*People v Laureano*, 87 NY2d 640, 643 [1996]). In this case, the testimony was that defendant committed the thefts from the second and third victims by issuing a single command to the first victim directing her to tell the other two victims to turn over their valuables. Because this single command was one "act" within the meaning of Penal Law § 15.00 (1) (defining an "act" as "a bodily movement"), the sentences for the crimes effectuated by that command must run concurrently, notwithstanding that such crimes were committed "against multiple victims" (*People v Grant*, 23 AD3d 172, 173 [2005], *affd on other grounds* 7 NY3d 421 [2006] [concurrent sentences were required for convictions on five counts of criminal contempt, where the counts of the indictment were identical except that each named a different family member, there was evidence that defendant had "violated the order of protection through a single act involving all five of his family members," and "nothing in the indictment, the court's charge, or the jury's verdict supported" the view that one of the convictions was based on a separate incident]; *see also People v Davis*, 12 AD3d 237, 237-238 [2004], *appeal withdrawn* 4 NY3d 762 [2005] [where two assault convictions were based on "defendant's head-on collision with a marked police car in which two officers were injured," the sentences for such convictions "cannot run consecutively to each other since they arose out of the same act"]). The sentence

for the crime against the first victim may run consecutively to the sentences for the crimes against the other two victims, however, since the testimony was that defendant ordered the first victim to hand over her own valuables before ordering her to instruct her friends to pass over their property.

Defendant's claim that the procedure by which the court determined that he was eligible for consecutive sentences violated the principles of *Apprendi v New Jersey* (530 US 466 [2000]) is unpreserved and we decline to review it in the interest of justice. Were we to review this claim, we would find it to be without merit (*see People v Smith*, 27 AD3d 242, 243-244 [2006], *lv denied* 7 NY3d 763 [2006]; *United States v White*, 240 F3d 127 [2d Cir 2001], *cert denied* 540 US 857 [2003]). The sentencing court did not engage in any fact-finding, but instead made, implicitly, a legal determination based on facts already found by the jury (*cf. People v Parks*, 95 NY2d 811 [2000]).

We perceive no basis for reducing the sentence except as indicated.

We have considered and rejected defendant's remaining claims. Concur—Tom, J.P., Friedman, Sullivan, Catterson and Malone, JJ.