■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES BRYANT, Appellant. [834 NYS2d 305]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Hanophy, J.), rendered May 19, 2005, convicting him of murder in the second degree (two counts), robbery in the first degree, and tampering with physical evidence, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

There is no merit to the defendant's contentions that his rights to confrontation and a fair trial were violated when the trial court allowed the People to elicit hearsay statements that a nontestifying codefendant had made to a detective. The defense counsel opened the door to such testimony (*see People v Simpson,* 256 AD2d 205, 206 [1998]; *People v Kourani,* 256 AD2d 620, 622 [1998]). In addition, the testimony at issue was not received for its truth, but, rather, to rebut the testimony of the defendant that his own confession was coercively derived (*see Tennessee v Street,* 471 US 409 [1985]; *People v Reynoso,* 2 NY3d 820 [2004]; *People v Ewell,* 12 AD3d 616, 617 [2004]; *People v Garcia,* 2 AD3d 321, 322 [2003]). Further, the jury was pointedly instructed by the court twice that the "[t]estimony is not being admitted for the truth," and the jury is presumed to have followed such admonition (*see People v Davis,* 58 NY2d 1102, 1104 [1983]).

The defendant's contention that the evidence was legally insufficient to establish his guilt of intentional murder in the second degree is unpreserved for appellate review (*see People v Gray,* 86 NY2d 10 [1995]; *People v Udzinski,* 146 AD2d 245, 250 [1989]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish that the defendant intended to cause the death of the victim (*see*

*People v Brown,* 262 AD2d 569 [1999]; *People v Hernandez,* 257 AD2d 664, 665 [1999]; *People v Angarita,* 247 AD2d 397 [1998]). Here, intent can be inferred from the defendant's conduct and the surrounding circumstances (*see People v Bracey,* 41 NY2d 296, 301 [1977]).

The defendant's contention that the prosecutor's allegedly improper questions during cross-examination and comments during summation constituted reversible error is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Anderson,* 24 AD3d 460 [2005]; *People v Williams,* 303 AD2d 772 [2003]). In any event, the prosecutor's questioning of the defendant on cross-examination and suggestion during summation that he tailored his testimony after hearing the testimony of the prosecution's witnesses was not unduly prejudicial (*see Portuondo v Agard,* 529 US 61 [2000]; *People v Siriani,* 27 AD3d 670 [2006]; *People v Allien,* 302 AD2d 468, 469 [2003]; *People v Lowery,* 281 AD2d 491, 491-492 [2001]). Further, the prosecutor's attack on the credibility of the defendant was not unduly prejudicial and does not require reversal (*see People v Portalatin,* 18 AD3d 673, 674 [2005]).

The defendant received the effective assistance of counsel (*see People v Baldi,* 54 NY2d 137, 147 [1981]).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]). Moreover, we reject the defendant's contention that the Supreme Court erred in directing that the term of imprisonment for robbery in the first degree run consecutively to the sentence imposed for intentional murder in the second degree (*see People v Laureano,* 87 NY2d 640, 643 [1996]). Although the conviction arose out of a single transaction, the record demonstrates that the robbery of the victim was separate and distinct from the subsequent act of killing the victim (*see People v Williams,* 245 AD2d 400, 401 [1997]; *People v Jackson,* 237 AD2d 620, 621 [1997]; *People v Hladky,* 229 AD2d 400, 401 [1996]; *People v Mayberry,* 224 AD2d 549, 550 [1996]).

The defendant's challenge to his sentence as unconstitutional under *Apprendi v New Jersey* (530 US 466 [2000]) is unpreserved for appellate review (*see People v Crosby,* 33 AD3d 719 [2006], *lv denied* 8 NY3d 845 [2007]; *People v Stokes,* 290 AD2d 71, 77 [2002], *cert denied* 537 US 859 [2002]) and, in any event, is without merit. The Supreme Court did not engage in any factfinding, but instead made a legal determination based on facts already found by the jury (*see People v Pritchett,* 29 AD3d 828, 829 [2006]; *People v Lloyd,* 23 AD3d 296, 298 [2005]).

The defendants' remaining contentions are without merit. Rivera, J.P., Skelos, Angiolillo and Balkin, JJ., concur.