■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NAGMELDEEN AZAZ, Appellant. [837 NYS2d 339]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Feldman, J.), rendered October 12, 2004, convicting him of murder in the second degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The jury's determination that the defendant failed to prove by a preponderance of the evidence that he was acting "under the influence of extreme emotional disturbance for which there was a reasonable explanation or excuse" when he stabbed and killed his wife was not against the weight of the evidence (Penal Law § 125.25 [1] [a]; *see* Penal Law § 125.20 [2]; *People v Roche*, 98 NY2d 70, 75-76 [2002]; *People v Edwards*, 29 AD3d 710 [2006]; *People v Chambers*, 18 AD3d 571, 572 [2005]; *People v George*, 7 AD3d 810 [2004]). The jury reasonably could have concluded that the circumstances surrounding the commission of the crime were not indicative of a loss of self-control or similar mental infirmity (*see People v Roche, supra; People v Palacios*, 302 AD2d 540, 541 [2003]). Accordingly, the jury properly rejected the defendant's affirmative defense.

The defendant's challenge to the legal sufficiency of the evidence with respect to his conviction of depraved indifference murder is unpreserved for appellate review (*see* CPL 470.05 [2]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620

[1983]), we find that it was legally sufficient to establish the defendant's guilt of depraved indifference murder with respect to the murder of his son beyond a reasonable doubt (*see People v Suarez,* 6 NY3d 202, 213 n 7 [2005]; *People v Craft,* 36 AD3d 1145 [2007]).

The defendant's contention that the trial court's instruction to a panel of prospective jurors, three of whom sat on the jury, violated his right against self-incrimination is unpreserved for appellate review (*see People v Autry,* 75 NY2d 836, 839 [1990]; *People v Chipp,* 75 NY2d 327, 340 [1990], *cert denied* 498 US 833 [1990]; *People v Field,* 308 AD2d 548, 549 [2003]), and in any event, is without merit.

The defendant's contention that the prosecutor's allegedly improper questions during cross-examination and comments during summation constituted reversible error is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Santiago,* 52 NY2d 865 [1981]; *People v Portalatin,* 18 AD3d 673, 674 [2005]). In any event, the prosecutor's questions and remarks were entirely within the bounds of fair comment (*see People v Portalatin, supra*).

The defendant's challenge to the trial court's jury charge is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Wiggins,* 31 AD3d 584 [2006]; *People v Rivera,* 307 AD2d 369, 369-370 [2003]). In any event, the court's interested witness charge was proper (*see People v Wiggins, supra; People v Varughese,* 21 AD3d 1126, 1128 [2005]; *People v Kallamni,* 14 AD3d 316, 316-317 [2005]; *cf. People v Jackson,* 74 NY2d 787, 790 [1989]).

Further, the defendant's contention that he was denied the effective assistance of counsel because of counsel's failure to lodge adequate protests to the prosecutor's summation or to the charge is without merit. Viewing the record as a whole, the defendant received meaningful representation (*see People v Henry,* 95 NY2d 563, 565-565 [2000]; *People v Baldi,* 54 NY2d 137, 147 [1981]).

The Supreme Court properly imposed consecutive sentences on the defendant's murder convictions because the offenses were separate and distinct acts, notwithstanding that they arose out of a single transaction (*see People v Laureano,* 87 NY2d 640, 643 [1996]; *People v Bryant,* 39 AD3d 768 [2007]; *People v Valdez,* 277 AD2d 262, 263 [2000]; *People v Black,* 249 AD2d 318 [1998]; *People v Williams,* 245 AD2d 400, 401 [1997]; *People v Reyes,* 239 AD2d 524 [1997]; *People v Hladky,* 229 AD2d 400, 401 [1996]; *cf.* Penal Law § 70.25 [2]). The defendant's challenge to his sentence as unconstitutional under *Apprendi v New*

*Jersey* (530 US 466 [2000]), is unpreserved for appellate review and, in any event, is without merit (*see United States v White,* 240 F3d 127, 135 [2001], *cert denied* 540 US 857 [2003]; *People v Bryant, supra; People v Pritchett,* 29 AD3d 828 [2006]; *People v Lloyd,* 23 AD3d 296, 298 [2005]). The Supreme Court did not engage in any fact-finding, but instead, implicitly made a legal determination based on facts already found by the jury (*see People v Bryant, supra; People v Nelson,* 36 AD3d 532, 534 [2007]; *People v Pritchett, supra* at 829; *People v Lloyd, supra*). Schmidt, J.P., Rivera, Angiolillo and Balkin, JJ., concur.