█ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE MARTINEZ, Appellant. [872 NYS2d 159]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Heffernan, J.), rendered May 2, 2006, as amended May 31, 2006, convicting him of sexual abuse in the first degree, rape in the third degree, menacing in the second degree, and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment, as amended, is affirmed.

The trial court properly denied the defendant's *Batson* challenge (*see Batson v Kentucky,* 476 US 79 [1986]). In response to the defendant's challenge, the prosecutor stated that she used a peremptory strike to remove a black male prospective juror because he was wearing a shirt upon which was printed the image of Al Capone and the words "Al Capone original gangster." Contrary to the defendant's contention, this explanation was facially race-neutral and satisfied the prosecutor's burden under the second prong of the *Batson* analysis (*see People v James,* 99 NY2d 264, 270 [2002]; *People v Allen,* 86 NY2d 101, 104, 109 [1995]). "Unless a discriminatory intent is inherent in the prosecutor's explanation, the reason offered will be deemed race neutral" (*Hernandez v New York,* 500 US 352, 360 [1991]; *see Purkett v Elem,* 514 US 765, 768 [1995]; *People v Allen,* 86 NY2d 101, 109-110 [1995]). Moreover, the defendant failed to meet his burden of demonstrating, under the third prong of the *Batson* analysis, that the facially race-neutral explanation given by the prosecutor was a pretext for racial discrimination (*see People v James,* 99 NY2d 264, 271 [2002]; *People v Payne,* 88 NY2d 172, 181 [1996]; *People v Allen,* 86 NY2d 101, 111 [1995]).

We reject the defendant's challenge to certain of the prosecutor's statements during summation. The challenged remarks largely were fair comment on the evidence or fair response to defense counsel's summation (*see People v Wright,* 54 AD3d 695, 696 [2008]; *People v Dick,* 48 AD3d 697 [2008]; *People v Simon,* 34 AD3d 852 [2006]; *People v McHarris,* 297 AD2d 824, 825 [2002]). While two of the prosecutor's comments arguably were improper, any potential prejudice which may have resulted was remedied by the prompt action of the trial court in sustaining the defense counsel's objections, striking or instructing the jury to disregard the comments, and providing the jury with curative instructions (*see People v Wilson,* 50 AD3d 711, 712 [2008];

*People v Acquista,* 41 AD3d 491, 492 [2007]; *People v Wiggins,* 31 AD3d 584 [2006]; *People v Warren,* 27 AD3d 496, 498 [2006]; *People v Williams,* 14 AD3d 519 [2005]).

We decline the defendant's request to modify the sentence imposed in the interest of justice.

The defendant's remaining contention does not require reversal. Mastro, J.P., Fisher, Miller and Carni, JJ., concur.