■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE MARTIN TAVERAS, Appellant. [873 NYS2d 296]—

Judgment of resentence, Supreme Court, New York County

(William A. Wetzel, J.), rendered June 23, 2008, resentencing defendant on his conviction of bribery in the second degree to a term of 1 to 3 years, consecutive to an aggregate term of 25 years to life upon his conviction of murder in the second degree and other crimes, unanimously affirmed.

Defendant was convicted in 1988, after a jury trial, of multiple crimes including murder and bribery. The resentencing court granted defendant's CPL 440.20 motion to set aside the original sentence on his bribery conviction, upon the People's concession that this sentence exceeded statutory limits. The court properly exercised its discretion when it then imposed a lawful sentence for the bribery conviction, the minimum permitted by law, but directed that it still be served consecutively to the other sentences.

Defendant's claim that the procedure by which the court determined that he was eligible for consecutive sentences violated the principles of *Apprendi v New Jersey* (530 US 466 [2000]) is without merit. The resentencing court did not engage in any fact-finding, but instead made, implicitly, a legal determination based upon facts already found by the jury (*see People v Lloyd*, 23 AD3d 296 [2005], *lv denied* 6 NY3d 755 [2005]; *United States v White*, 240 F3d 127, 135 [2d Cir 2001], *cert denied* 540 US 857 [2003]). Under Penal Law § 70.25, a jury's finding that a defendant committed more than one offense is sufficient to permit the court to impose consecutive sentences, unless the court either makes (where permitted) a discretionary determination to impose concurrent sentences or a legal determination that concurrent sentences are required. Concur—Mazzarelli, J.P., Friedman, Gonzalez, Catterson and Renwick, JJ.