THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD BRIDGES, Appellant. [880 NYS2d 341]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Donnino, J.), rendered April 29, 2003, convicting him of murder in the second degree (two counts), upon a jury verdict, and imposing sentence. This appeal brings up for review the denial, after a hearing (Demakos, J.), of those branches of the defendant's omnibus motion which were to suppress his statements to law enforcement officials and identification testimony.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, under the circumstances, the police were not required to readminister *Miranda* warnings (*see Miranda v Arizona*, 384 US 436 [1966]) prior to defendant's third interrogation (*see People v Gonzalez*, 5 AD3d 696, 697 [2004]; *People v Santalis*, 302 AD2d 614 [2003]; *People v James*, 271 AD2d 456 [2000]; *People v Holland*, 268 AD2d 536, 537 [2000]; *see also People v Petronio*, 34 AD3d 602, 604 [2006]). Further, since an inculpatory statement was legally

obtained, the defendant's claim that his later videotaped statement should have been suppressed as tainted is without merit.

While the People's failure to preserve the original printout of a photographic array gives rise to a presumption of suggestiveness (*see People v Wedgeworth,* 156 AD2d 529 [1989]), the People presented evidence sufficient to overcome that presumption (*see People v Cordilione,* 159 AD2d 864 [1990]). The evidence presented before the hearing court established that each computer printout of the photographic array in question was virtually identical.

The defendant's challenge to the legal sufficiency of the evidence with respect to his conviction of depraved indifference murder is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins,* 11 NY3d 484, 492-493 [2008]; *People v Hines,* 97 NY2d 56, 61 [2001]; *People v Gray,* 86 NY2d 10, 19-21 [1995]; *People v Connelly,* 32 AD3d 863, 864 [2006]), and we decline to review it in the exercise of our interest of justice jurisdiction (*see People v Folkes,* 43 AD3d 956, 956-957 [2007]; *People v Connelly,* 32 AD3d at 864).

The Supreme Court properly imposed consecutive sentences for the defendant's murder convictions because the offenses were separate and distinct acts, notwithstanding that they arose out of a single transaction (*see People v Eddie,* 87 NY2d 640, 643 [1996]; *People v Brown,* 80 NY2d 361, 364 [1992]; *People v Boone,* 30 AD3d 535, 536 [2006]; *People v Maldonado,* 5 AD3d 505, 506-507 [2004]; *People v Porter,* 256 AD2d 363, 364 [1998]). Further, the defendant's challenge to his sentence as unconstitutional under *Apprendi v New Jersey* (530 US 466 [2000]) is without merit (*see People v Azaz,* 41 AD3d 610, 610-611 [2007]; *People v Bryant,* 39 AD3d 768, 769 [2007]; *People v Pritchett,* 29 AD3d 828 [2006]). The Supreme Court did not engage in any fact-finding, but instead, implicitly made a legal determination based on facts already found by the jury (*see People v Azaz,* 41 AD3d at 610-611; *People v Bryant,* 39 AD3d at 769; *People v Pritchett,* 29 AD3d at 829).

The defendant received the effective assistance of counsel, both at the hearing and at trial (*see People v Caban,* 5 NY3d 143, 152 [2005]; *People v Benevento,* 91 NY2d 708, 712 [1998]; *People v Hobot,* 84 NY2d 1021, 1022 [1995]; *People v Baldi,* 54 NY2d 137, 147 [1981]; *see also People v Danielson,* 9 NY3d 342, 350 [2007]; *People v Pacheco,* 50 AD3d 1063 [2008]).

The defendant's contention that the court failed to properly swear any of the prospective jurors in accordance with CPL 270.15 (1) (a) is without merit (*cf. People v Hoffler,* 53 AD3d 116, 121 [2008]), as is his contention that the court failed to

properly swear in the seated jurors in accordance with CPL 270.15 (2).

The defendant's remaining contention is unpreserved for appellate review, and we decline to review it in the exercise of our interest of justice jurisdiction. Spolzino, J.P., Covello, Balkin and Belen, JJ., concur.