THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARIO MANNINO, Appellant. [933 NYS2d 412]—

The Supreme Court properly denied the defendant's motion pursuant to CPL 440.20 to set aside so much of his sentence as imposed consecutive terms of imprisonment for his convictions of murder in the second degree (*see* Penal Law § 125.25 [3]), robbery in the first degree (*see* Penal Law § 160.15 [3]), and arson in the third degree (*see* Penal Law § 150.10 [1]). The challenged consecutive sentences were imposed pursuant to the statutory sentencing scheme that requires concurrent sentences to be imposed "[w]hen more than one sentence of imprisonment is imposed on a person for two or more offenses committed through a single act or omission, or through an act or omission which in itself constituted one of the offenses and also was a material element of the other" (Penal Law § 70.25 [2]), but allows for judicial discretion to impose consecutive sentences "when separate offenses are committed through separate acts, [al]though they are part of a single transaction" (*People v Brown*, 80 NY2d 361, 364 [1992]; *see People v Battles*, 16 NY3d 54, 58-59 [2010], *cert denied* 565 US —, 132 S Ct 123 [2011];

▆▆▆▆▆▆▆▆▆▆▆▆

*People v Ramirez*, 89 NY2d 444, 451 [1996]; *People v Brathwaite*, 63 NY2d 839, 842-843 [1984]). The defendant contends that this sentencing scheme was rendered unconstitutional by *Apprendi v New Jersey* (530 US 466 [2000]) and its progeny (*see e.g. Blakely v Washington*, 542 US 296 [2004]; *Cunningham v California*, 549 US 270 [2007]). The Supreme Court summarily denied the defendant's motion. The defendant, by permission, appeals. We affirm.

The defendant's contention that the procedure by which the Supreme Court determined that he was eligible for consecutive sentences violated the principles of *Apprendi v New Jersey* (530 US 466 [2000]) is without merit (*see Oregon v Ice*, 555 US 160 [2009]; *People v Cruz*, 46 AD3d 567 [2007]; *People v Bryant*, 39 AD3d 768 [2007]; *People v Pritchett*, 29 AD3d 828 [2006]). Further, the Supreme Court properly imposed consecutive terms of imprisonment on one count of the defendant's felony murder conviction, and his robbery and arson convictions, since the offenses were separate and distinct acts, notwithstanding that they arose out of a single transaction (*see People v Battles*, 16 NY3d at 58-59; *People v Frazier*, 16 NY3d 36, 41 [2010]; *People v Taveras*, 12 NY3d 21, 26-27 [2009]; *People v Yong Yun Lee*, 92 NY2d 987, 989 [1998]; *People v Laureano*, 87 NY2d 640, 643 [1996]; *People v Brown*, 80 NY2d at 364; *People v Marte*, 52 AD3d 737, 737-738 [2008], *affd* 12 NY3d 583 [2009], *cert denied* 559 US —, 130 S Ct 1501 [2010]; *People v Azaz*, 41 AD3d 610, 611 [2007], *affd* 10 NY3d 873 [2008]; *People v Pritchett*, 29 AD3d 828 [2006]; *People v Lloyd*, 23 AD3d 296, 297-298 [2005]; *cf.* Penal Law § 70.25 [2]). Contrary to the defendant's contention, the Supreme Court did not engage in any fact-finding, but instead, implicitly made a legal determination based upon facts already found by the jury (*see Oregon v Ice*, 555 US 160 [2009]; *People v Bridges*, 63 AD3d 752 [2009]; *People v Azaz*, 41 AD3d at 612).

The arguments raised by the defendant in his pro se supplemental brief are without merit. Prudenti, P.J., Eng, Belen and Sgroi, JJ., concur.