■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LOUIS HOLMES, Also Known as SHABAKA SHAKUR, Appellant. [938 NYS2d 902]—

The Supreme Court properly denied the defendant's motion pursuant to CPL 440.20 to set aside so much of his sentence as imposed consecutive terms of imprisonment upon his two convictions of murder in the second degree (*see* Penal Law § 125.25 [1]). The challenged consecutive sentences were imposed pursuant to the statutory sentencing scheme that requires concurrent sentences to be imposed "[w]hen more than one sentence of imprisonment is imposed on a person for two or more offenses committed through a single act or omission, or through an act or omission which in itself constituted one of the offenses and also was a material element of the other" (Penal Law § 70.25 [2]), but allows for judicial discretion to impose consecutive sentences where " 'the "acts or omissions" committed by defendant were separate and distinct acts' " (*People v Frazier*, 16 NY3d 36, 41 [2010], quoting *People v Laureano*, 87 NY2d 640, 643 [1996]; *see People v Battles*, 16 NY3d 54, 58 [2010], *cert denied* 565 US —, 132 S Ct 123 [2011]; *People v McKnight*, 16 NY3d 43, 48 [2010]; *People v Mannino*, 89 AD3d 1105, 1105 [2011]).

Here, although the two victims' deaths "may be said to have occurred in the course of a single extended transaction," contrary to the defendant's contention, there was no evidence that a single shot killed both victims (*People v Brathwaite*, 63 NY2d 839, 843 [1984]; *see People v Garcia*, 303 AD2d 600 [2003]; *People v Grimes*, 277 AD2d 945 [2000]). Since the evidence supported the sentencing court's conclusion that the two victims were killed by separate bullets and, thus, that there were separate and distinct acts involved, the motion court correctly concluded that the imposition of consecutive sentences was not illegal (*see People v McKnight*, 16 NY3d 43 [2010]; *People v Jones*, 41 AD3d 507, 509 [2007]).

The defendant's contention that New York's sentencing scheme with respect to the imposition of consecutive sentences

was rendered unconstitutional by *Apprendi v New Jersey* (530 US 466 [2000]) and its progeny (*see e.g. Blakely v Washington*, 542 US 296 [2004]) is without merit (*see Oregon v Ice*, 555 US 160, 164 [2009]; *People v Mannino*, 89 AD3d at 1106; *People v Bridges*, 63 AD3d 752, 753 [2009]; *People v Cruz*, 46 AD3d 567, 568 [2007]; *People v Azaz*, 41 AD3d 610, 611-612 [2007], *affd* 10 NY3d 873 [2008]). Balkin, J.P., Dickerson, Belen and Cohen, JJ., concur.