People v Giardala (2018 NY Slip Op 07179)





People v Giardala


2018 NY Slip Op 07179


Decided on October 25, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 25, 2018

Friedman, J.P., Kapnick, Webber, Oing, Moulton, JJ.


7460 5435/03

[*1]The People of the State of New York, Respondent,
v
Joseph Giardala, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Megan D. Byrne of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Dana Poole of counsel), for respondent.



Judgment, Supreme Court, New York County (Bonnie G. Wittner, J.), rendered August 3, 2016, as amended August 8, 2016, convicting defendant, after a jury trial, of rape in the first degree, sodomy in the first degree, sexual abuse in the first degree (two counts) and robbery in the first degree, and sentencing him to an aggregate term of 22&frac23; to 50 years, unanimously affirmed, without costs.
The court properly denied defendant's motion to dismiss the indictment as time-barred. The applicable five-year statute of limitations was tolled (see CPL 30.10[4][a][ii]) because defendant's identity and whereabouts were unknown and unascertainable by the exercise of reasonable diligence (see People v Quinto, 18 NY3d 409, 419 [2012]; People v Seda, 93 NY2d 307, 311 [1999]). After this 1995 crime, law enforcement authorities exhausted all reasonable investigative possibilities, and were not required to keep repeating the same futile steps. Years later, when DNA technology provided the ability to identify the perpetrator by matching DNA, this case was one of thousands of similar cases awaiting DNA comparison, and this reasonably accounts for any additional delay (see e.g. People v Lloyd, 23 AD3d 296, 297 [1st Dept 2005], lv denied 6 NY3d 755 [2005]). We also note, in any event, defendant did not raise any challenge to the People's delay in 2002 in proceeding with the prosecution.
Defendant did not preserve his claim that the court improperly granted the People's motion to amend a John Doe DNA indictment to add defendant's name, and we decline to review it in the interest of justice. As an alternative holding, we reject his claim on the merits (see People v Martinez, 52 AD3d 68 [1st Dept 2008], lv denied 11 NY3d 791 [2008]).
The court properly denied defendant's constitutional speedy trial motion. The delay was caused, as discussed above, by the inability of the police to ascertain the identity of the perpetrator until after advances in DNA science, and then by the backlog of DNA samples that required testing. Given the seriousness of the charges and the DNA evidence that conclusively [*2]established his guilt, we find no infringement of defendant's constitutional rights (see People v Taranovich, 37 NY2d 442 [1975]).
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 25, 2018
CLERK