People v Barizone (2022 NY Slip Op 00312)





People v Barizone


2022 NY Slip Op 00312


Decided on January 19, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 19, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
FRANCESCA E. CONNOLLY
SYLVIA O. HINDS-RADIX
LARA J. GENOVESI, JJ.


2019-13164
 (Ind. No. 2358/17)

[*1]The People of the State of New York, respondent,
v
Dominic Barizone, appellant.


Eric Shapiro Renfroe, Forest Hills, NY, for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill and Michael J.
Curtis of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Richard Buchter, J.), rendered October 30, 2019, convicting him of conspiracy in the fifth degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was indicted on charges of animal fighting (Agriculture and Markets Law § 351[2][c]) and conspiracy in the fifth degree (Penal Law § 105.05[1]), after he sold a pit bull puppy to an undercover officer under circumstances allegedly evincing an intent that such animal engage in animal fighting. Following a jury trial, the defendant was convicted of conspiracy in the fifth degree. He was acquitted of the animal fighting charge. The defendant thereafter moved pursuant to CPL 330.30(2) to set aside the verdict based on juror misconduct. The Supreme Court summarily denied the motion. The defendant appeals.
Contrary to the defendant's contentions, the count of the indictment charging conspiracy in the fifth degree was not jurisdictionally defective (see People v Ray, 71 NY2d 849, 850; People v Schwimmer, 66 AD2d 91, 95, affd 47 NY2d 1004), or duplicitous (see People v Wells, 7 NY3d 51, 56-57; People v Kaid, 43 AD3d 1077, 1080, lv granted 10 NY3d 768), and the time period alleged for the conspiracy was reasonable (see People v Shack, 86 NY2d 529, 540; People v Cassiliano, 103 AD2d 806, 807).
We do not reach the defendant's contention that the warrantless helicopter flyover of the defendant's fenced-in property was improper. The affidavit in support of the search warrant of the defendant's property contained "sufficient lawfully obtained information" independent of the flyover to constitute probable cause (People v Vonderhyde, 114 AD2d 479, 480; see also People v Harris, 62 NY2d 706, 708). Further, the Supreme Court properly admitted into evidence a dash cam video of the defendant's phone call with an associate. The video was directly probative of the charged crimes, and its probative value outweighed any potential for prejudice to the defendant (see People v Sales, 189 AD3d 1617, 1618; People v Arjun, 188 AD3d 1235, 1237; People v Magnan, 173 AD3d 1214, 1216; People v Franzese, 154 AD3d 706, 707).
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find the evidence was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon our independent review pursuant to CPL 470.15(5), we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant's contention that the verdict was repugnant is without merit (see People v Muhammad, 17 NY3d 532, 539-540), since his acquittal on the count of animal fighting did not necessarily negate an essential element of conspiracy in the fifth degree (see People v Williams, 146 AD3d 821, 822; People v Gary, 115 AD3d 760, 761).
The defendant's contention that the Supreme Court erred in denying, without a hearing, his motion to set aside the verdict due to juror misconduct (see CPL 330.30[2]) is without merit. The moving papers did not contain sworn allegations of the essential facts supporting the motion (see CPL 330.40). Instead, the motion was supported by the hearsay allegations of defense counsel, which were insufficient to meet the threshold requirement of CPL 330.40(2)(a). Accordingly, no hearing was required, and the motion was properly denied (see People v Degree, 186 AD3d 501, 504).
The defendant's remaining contention is without merit (see People v Mink, 237 AD2d 664, 667).
DUFFY, J.P., CONNOLLY, HINDS-RADIX and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court