People v Lexune (2025 NY Slip Op 01822)

People v Lexune

2025 NY Slip Op 01822

Decided on March 26, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 26, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ROBERT J. MILLER, J.P.
DEBORAH A. DOWLING
JANICE A. TAYLOR
JAMES P. MCCORMACK, JJ.

2018-08412
 (Ind. No. 8345/16)

[*1]The People of the State of New York, respondent,
v
Rolanso Lexune, appellant.

Patricia Pazner, New York, NY (Tammy E. Linn and Joshua M. Levine of counsel), for appellant, and appellant pro se.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Sholom J. Twersky, and Jeffrey Eng of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Jill Konviser, J.), rendered June 11, 2018, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of the defendant's motion to controvert a search warrant and to suppress physical evidence seized in the execution thereof, and that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.
ORDERED that the judgment is affirmed.
Contrary to the defendant's contention, the Supreme Court did not improvidently exercise its discretion in denying his request for new assigned counsel. The defendant failed to set forth "specific factual allegations of 'serious complaints about counsel,'" so as to trigger the court's duty to make a minimal inquiry into his request for new assigned counsel (People v Porto, 16 NY3d 93, 100, quoting People v Medina, 44 NY2d 199, 207; see People v Nelson, 189 AD3d 1080, 1082; People v Hayes, 179 AD3d 835, 835).
"A presumption of validity attaches to a search warrant since there has already been a judicial review as to its justification" (People v Morel, 195 AD3d 946, 947). Indeed, "[g]reat deference should be accorded to [a] court's determination to issue a search warrant" (People v Crupi, 172 AD3d 898, 898; see People v Fraser, 210 AD3d 697, 698). A search warrant must be supported by probable cause (see People v Gordon, 36 NY3d 420, 426; People v Edwards, 230 AD3d 1250, 1251). "To establish probable cause, a search warrant application must provide the court with sufficient information to support a reasonable belief that evidence of illegal activity will be present at the specific time and place of the search" (People v Morel, 195 AD3d at 947 [internal quotation marks omitted]; see People v Abad, 208 AD3d 892, 893). "Probable cause does not require proof sufficient to warrant a conviction beyond a reasonable doubt but merely information sufficient to support a reasonable belief that . . . evidence of a crime may be found" (People v Mack, 196 AD3d 603, 604 [internal quotation marks omitted]). However, only "lawfully acquired information" in a search warrant application may "provide probable cause for [a] search" warrant (People v Harris, 62 NY2d 706, 708; see People v Barizone, 201 AD3d 810, 810; People v Clark, 194 AD3d 948, [*2]950). "[W]here a search warrant application contains some information obtained through unlawful means, a search pursuant to that warrant will nevertheless be upheld if the application contained sufficient lawfully obtained information, untainted by and independent of the illegality to constitute probable cause" (People v Vonderhyde, 114 AD2d 479, 480; see People v Harris, 62 NY2d at 707-708; People v Ross, 228 AD2d 718, 719). Moreover, "[s]earch warrants, which generally are not composed by lawyers but rather by police officers, should not be read hypertechnically and may be accorded all reasonable inferences" (People v Murray, 136 AD3d 714, 714 [internal quotation marks omitted]).
The Supreme Court properly denied, after a hearing, the defendant's motion to controvert a search warrant and to suppress the physical evidence seized in the execution thereof. The police officer's affidavit submitted with the search warrant contained sufficient information to support a reasonable belief that evidence of criminal conduct would be found in the defendant's apartment (see People v Abad, 208 AD3d at 893). Contrary to the defendant's contention, the search warrant was not issued based upon information unlawfully obtained during a warrantless search of the defendant's apartment. Although "warrantless entries into a home are 'presumptively unreasonable'" (People v Molnar, 98 NY2d 328, 331, quoting Payton v New York, 445 US 573, 586), a warrantless search and seizure in a protected area may be lawful under some circumstances, pursuant to exigent circumstances (see People v Richards, 186 AD3d 1720, 1722; People v Williams, 146 AD3d 906, 908). Here, the People established that, when entering the defendant's apartment prior to obtaining a search warrant, the police officers were confronted with an emergency situation in which there was an immediate need for their assistance for the protection of life, the search was not primarily motivated by an intent to arrest and seize evidence, and there was a reasonable basis, approximating probable cause, to associate the emergency with the apartment searched (see People v Dallas, 8 NY3d 890, 891; People v Mitchell, 39 NY2d 173, 177-178; People v Rossi, 99 AD3d 947, 949-950, affd 24 NY3d 968). As the People established that the search of the defendant's apartment was primarily motivated by concerns for safety, this case presents no occasion to consider whether the police officers' intent remains a factor under the New York State Constitution (see People v Rossi, 99 AD3d at 949-950; cf. People v Dallas, 8 NY3d at 891).
Contrary to the defendant's contention, the Supreme Court properly denied that branch of his omnibus motion which was to suppress his videotaped statements to law enforcement officials. "At a hearing to suppress statements made to law enforcement officials, the People have the burden of demonstrating, beyond a reasonable doubt, that the defendant's statements were voluntary and, if applicable, that the defendant knowingly, intelligently, and voluntarily waived his or her Miranda rights prior to making the statements" (People v Loucks, 125 AD3d 890, 890 [citations omitted]; see Miranda v Arizona, 384 US 436, 444; People v Williams, 62 NY2d 285, 288-289; People v Anderson, 42 NY2d 35; People v Huntley, 15 NY2d 72). "Whether a defendant knowingly and intelligently waived his or her rights to remain silent and to an attorney is determined upon an inquiry into the totality of the circumstances surrounding the interrogation" (People v Santos, 112 AD3d 757, 758 [internal quotation marks omitted]). Here, the People established beyond a reasonable doubt that the defendant's videotaped statements were voluntarily made after the defendant knowingly, voluntarily, and intelligently waived his constitutional rights, and were not the product of coercion (see People v Pelaez, 218 AD3d 497, 498; People v Sanders, 119 AD3d 713).
The defendant's contention, raised in his pro se supplemental brief, that his conviction was not supported by legally sufficient evidence is unpreserved for appellate review (see CPL 470.05[2]), and in any event, without merit. Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
MILLER, J.P., DOWLING, TAYLOR and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court