UNITED STATES of America,
Appellee,

v.

Jacques ARROUS, Defendant–Appellant.

Docket No. 01–1458.

United States Court of Appeals,
Second Circuit.

ANDERS Motion Submitted Oct. 4, 2002.

Decided Feb. 21, 2003.

3. In addition, we suggest that the district court appoint counsel to represent Davis in repleading.

Cecil C. Scott, Assistant United States Attorney, Brooklyn, New York (Loretta E. Lynch, United States Attorney, Kelly T. Currie, Assistant United States Attorney, Eastern District of New York, Brooklyn, New York, of counsel), for Appellee.

Colleen P. Cassidy, New York, New York (Legal Aid Society, Federal Defender Division, Appeals Bureau, New York, New York, of counsel), filed Anders Brief for Defendant–Appellant.

Before: CARDAMONE, MINER, and SOTOMAYOR, Circuit Judges.

CARDAMONE, Circuit Judge.

We have before us two motions. One is made pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), by attorney Colleen P. Cassidy, Esq., on behalf of the Legal Aid Society, asking to be relieved as counsel for defendant Jacques Arrous; the other is made by the government, requesting summary affirmance of Arrous' judgment of conviction.

The district court inappropriately sentenced Arrous *in absentia*. That error makes it difficult for us to rule on an *Anders* motion that his appeal is frivolous. None of the federal rules or existing case law defense counsel furnished us is persuasive in untangling this problem. But common sense considerations compel us *sua sponte* to apply the harmless error doctrine in these particular circumstances. The distinction between an error and harmless error may not always be evident,

but it is nonetheless real and not a semantic sleight of hand. It seems appropriate therefore that we write to explain our reasons for ruling that despite the error at sentencing, defendant's appeal is frivolous. Accordingly, both motions are granted.

## BACKGROUND

### A. *Facts*

This case arose in the following circumstances. Defendant Jacques Arrous was flying as a passenger on September 30, 1999 aboard Tower Airlines Flight 35, en route to John F. Kennedy International Airport in New York City from Paris, France. During the flight, Arrous was asked repeatedly by an attendant to take his seat because of air turbulence. When the attendant put a hand on Arrous' shoulder in a final attempt to get him to sit down, Arrous assaulted the attendant, punching him in the face, kneeing him in the groin and, when disembarking, threatening him verbally. The injuries from defendant's assault cost the flight attendant $388 in wages from lost time at work.

As a result of this incident, Arrous was arrested upon arrival in the United States and charged and indicted for assaulting a flight crew member on an aircraft, in violation of 49 U.S.C. § 46504 and 18 U.S.C. § 3551. The 47–year–old defendant appeared in the United States District Court for the Eastern District of New York (Gleeson, J.) on October 15, 1999, where he was told that witnesses to the incident— other flight personnel and passengers— generally supported the government's version of how this incident occurred. Arrous thereafter pled guilty to the charges and was sentenced to two months imprisonment, one year of supervised release, $388 in restitution, and a $100 special assessment. Judgment was entered November 1, 1999 and defendant promptly appealed.

### B. *Prior Proceedings*

Subsequently, in February 2000, a Legal Aid attorney moved before a panel of this Court to be relieved pursuant to *Anders,* and the government moved for summary affirmance. Defense counsel stated that Arrous' guilty plea was entered knowingly and voluntarily and that there were no non-frivolous issues relating to the guilty plea. The district court's refusal to grant a downward departure and to sentence Arrous without a presentence report were not considered non-frivolous issues that could support an appeal of his sentence.

In November 2000 we entered an order denying the motions for *Anders* relief and summary affirmance, and instead instructed defense counsel to submit briefs with respect to whether the sentencing court erred by failing to address the issue of restitution during Arrous' plea allocution. When those briefs were filed, another panel of this Court, after considering them, ruled that the sentencing court violated Fed.R.Crim.P. 11(c)(1) by ordering Arrous to pay restitution without first advising him that restitution might be part of his sentence. The panel accordingly issued a summary order vacating the judgment and remanding the case to the district court with an order that it either 1) withdraw its order requiring Arrous to make restitution, or 2) allow Arrous to withdraw his plea of guilty and proceed to trial.

At the time of the ordered resentencing proceeding on July 27, 2001, defendant had served his two month sentence and his one year period of supervised release had ended. Arrous had returned to France, to rejoin his wife who had flown back when Arrous was arrested, and whose health was a matter of some concern to him. Defendant was therefore not present.

An attorney from the Legal Aid Society representing Arrous explained to the sen-

tencing court that his client had been immediately deported after completing his sentence based on an Immigration and Naturalization Service (INS) detainer issued for his exclusion from the United States. The government confirmed that defendant had been removed from the United States. During a status conference, defense counsel, attorney Peter Kirchheimer, Esq.,[1] informed the district court judge that his attempts to contact Arrous with letters and phone calls had been unsuccessful. The district judge resentenced Arrous despite his absence, and defense counsel filed a notice of appeal. Attorney Colleen Cassidy, Esq., of the Legal Aid Society was subsequently assigned to defendant's appeal by the district court.

Counsel now files a motion to be relieved from representation because Arrous' appeal, in her estimation, would be frivolous. Attorney Cassidy declares that the only potential issue for appeal is the appropriateness of the district court's decision to resentence in defendant's absence.

### C. Relief From Representation

■ Under the doctrine set forth in *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), court-appointed appellate counsel may move to be relieved from his or her duties if "counsel is convinced, after conscientious investigation, that the appeal is frivolous." *Id.* at 741, 87 S.Ct. 1396. In support of the motion, defense counsel must supply a brief identifying by record references any issues that have at least arguable merit supported by legal authority, and explain why they are frivolous. *See United States v. Burnett*, 989 F.2d 100, 103 (2d Cir.1993). This Court will not grant a so-called *Anders* motion unless it is satisfied that (1)

"counsel has diligently searched the record for any arguably meritorious issue in support of his client's appeal," and (2) "defense counsel's declaration that the appeal would be frivolous is, in fact, legally correct." *Id.* at 104. Defense counsel is also obligated to furnish the client with a copy of the brief defense counsel submits in support of the *Anders* motion, *see Anders*, 386 U.S. at 744, 87 S.Ct. 1396, and a letter informing the client that he or she has the right to file a *pro se* brief. *See Burnett*, 989 F.2d at 103.

■ Counsel has submitted an affidavit stating that she has provided defendant with the required documents and notifications. She further states that she mailed Arrous a copy of her motion, a copy of the *Anders* brief, a letter in French and English advising Arrous of his rights with respect to the motion, and a form to be returned to the clerk of this Court indicating whether or not he intends to file *pro se* papers. Counsel advises us that Arrous has not responded to this mailing, but we are satisfied that counsel's duty to inform Arrous of the *Anders* proceedings is fulfilled.

We also are satisfied that counsel has reviewed the record and brought to our attention the relevant issue. In her *Anders* brief, attorney Cassidy states that the only possible issue on appeal is whether the district court's modification of Arrous' sentence eliminating the restitution order was improper because it was conducted while Arrous was not present. We agree that this is the only viable issue which Arrous' appeal might raise. We must now decide whether this issue is truly "frivolous," thereby warranting counsel's release

---

1. Arrous is represented by attorneys from the Legal Aid Society. Peter Kirchheimer, Esq., represented Arrous in the resentencing proceedings before the district court. Colleen P. Cassidy, Esq., represents Arrous on this appeal.

from representation. We turn now to that analysis.

## DISCUSSION

Defense counsel argues that Arrous' absence from his resentencing proceeding does not raise a non-frivolous issue for appeal because (a) Arrous' presence was not required where, as here, his sentence was reduced, and (b) he put himself beyond the sentencing court's jurisdiction and therefore forfeited his right to be present.

### A. *Reduction in Sentence*

█ With respect to the first argument, counsel relies on Fed.R.Crim.P. 43(c) (now Rule 43(b)(4)).[2] Rule 43(c) provided that a defendant's presence is not required during a proceeding involving a reduction or correction of sentence pursuant to Rule 35(b) or (c) or 18 U.S.C. § 3582(c). Attorney Cassidy admits that these circumstances are technically inapplicable to Arrous in the instant case: Rule 35(b) allows for reduction of sentence upon the government's motion to reflect defendant's substantial assistance; Rule 35(c) (now Rule 35(a)) allows a district court to correct a sentence, within 7 days, that was imposed as a result of "arithmetical, technical, or other clear error"; and 18 U.S.C. § 3582(c) applies only to modification of a term of imprisonment on motion from the Bureau of Prisons or for subsequent change in the United States Sentencing Guidelines. None of these circumstances are present in this case.

Arrous' resentencing therefore falls under Rule 35(a), the provision that allows correction of a sentence imposed on remand from the Court of Appeals for a

district court's error of law (now removed from Rule 35). Rule 35(a) does not fall within Rule 43(c)'s provision allowing a defendant's absence. Defense counsel nonetheless insists that the rationale behind Rule 43(c) applies here, as it would to any remand for the purpose of reducing a sentence or eliminating a penalty. She urges that *United States v. Rivers*, 50 F.3d 1126, 1132 (2d Cir.1995), supports her contention because that case ruled that resentencing for a sentence reduction for legal error under Rule 35 does not require a defendant's presence, as distinct from other types of resentencing, such as resentencing for factfinding which does require defendant's presence.

█ We cannot agree that Rule 43(c) makes Arrous' appeal frivolous because that rule does not vitiate his right to be present at the resentencing hearing, even if its rationale applies to a remand under Rule 35(a). The law recognizes a distinction between a proceeding by which the district court corrects or changes a pre-existing sentence, and one where the district court re-enters a sentence which has been vacated or set aside by the Court of Appeals. *See United States v. Suleiman*, 208 F.3d 32, 40–41 (2d Cir.2000); *United States v. Londono*, 100 F.3d 236, 242 (2d Cir.1996); *United States v. Moree*, 928 F.2d 654, 655–56 (5th Cir.1991). In the former situation, we have held that a defendant need not be present; while in the latter, a defendant has a constitutional right to be present, because technically a new sentence is being imposed in place of the vacated sentence. *See United States v. Johnson*, 315 F.2d 714, 716–17 (2d Cir. 1963) (recognizing defendant's fundamental right to be present when new sentence is imposed). Thus, since Arrous' sentence

---

**2.** We must say at the outset that the 2002 amendments to the Federal Rules of Criminal Procedure changed the subparagraph desig-

nations for some of the Rules, which in each case we set out in parenthesis.

has been vacated and remanded, his presence cannot be excused under Rule 43(c).

Even though defense counsel may be correct that the rationale behind Rule 43(c) applies in the instant case, we have been reluctant in the past to make exceptions to the rule that a defendant has a right to be present at sentencing, and we generally adhere to the fine line between modifying a sentence, and imposing a new sentence, however technical such distinction may be in some cases. For example, some of our prior cases have declined to vacate a sentence, choosing instead to remand an existing sentence to the district court for modification, in order to avoid the constitutional difficulty associated with sentencing an involuntarily absent defendant. *See, e.g., Suleiman,* 208 F.3d at 40–41 (refusing to vacate and remand for resentencing, where sentence enhancement warranted, because deported defendant could not be present for proceedings); *Londono,* 100 F.3d at 242 (reinstating erroneous sentence and remanding for correction pursuant to Rule 35(a)(1) to "obviate the issue" of whether new sentence could be imposed on deported defendant in his absence).

Yet *Rivers,* rather than supporting counsel's assertion, suggests that "it is arguable that any ... exercise of sentencing discretion is the functional equivalent of a sentencing proceeding at which presence [of defendant] is required." *Rivers,* 50 F.3d at 1132–33. Moreover, the commentary to the 1998 amendments to Rule 43 confirms what sound judicial policy had previously concluded: that "a sentencing proceeding being conducted on remand by an appellate court under Rule 35(a) would continue to require the defendant's presence." Fed.R.Crim.P. 43 advisory committee's note.

■ The current rule arises out of respect for a defendant's right to be present at a sentencing proceeding, to allocute, and to respond to the definitive decision of the sentencing judge. *See United States v. Behrens,* 375 U.S. 162, 167–68, 84 S.Ct. 295, 11 L.Ed.2d 224 (1963) (Harlan, J., concurring); *Johnson,* 315 F.2d at 717. Since we avoid interpreting statutes in a way that may create constitutional problems, *see Edward J. DeBartolo Corp. v. Florida Gulf Coast Building & Construction Trades Council,* 485 U.S. 568, 575, 108 S.Ct. 1392, 99 L.Ed.2d 645 (1988), we decline to find that a defendant's presence is not required by the rule on the facts presented here. Hence, Rule 43(c) does not provide a sound basis for us to rule that the district court did not err, and that Arrous' appeal thus is frivolous under *Anders.*

### B. *Voluntary Absence*

■ Defense counsel's second point asserts that Arrous' presence was not necessary because Fed.R.Crim.P. 43(b) (now Rule 43(c)) provides that the voluntary absence of the defendant at sentencing permits the sentencing to proceed in his absence. According to counsel, Arrous was voluntarily absent because he was living in France, outside the jurisdiction of the federal district court, and did not respond to his counsel's communications regarding the proceedings on remand.

We cannot agree that Rule 43(b) excuses the defendant's absence in the present case, and thereby makes his appeal frivolous. Instead, it must be recognized that defendant's absence from the United States was at least partially involuntary because he was deported following his incarceration, and an exclusion order was put into place to bar him from illegally reentering this country. *See Suleiman,* 208 F.3d at 40 (noting that "a deportee by definition does not voluntarily leave the country" within the meaning of Rule

43(b)(2)). Although Arrous could have been paroled back into the United States for the new sentencing hearing had he requested to be present, *see, e.g., Londono,* 100 F.3d at 239, the record before us does not indicate whether or not Arrous had been advised or otherwise knew of this option. His failure to request parole therefore cannot be taken here as a sign that he deliberately and voluntarily chose not to be present for his resentencing.

Indeed, it is not clear whether Arrous knew anything at all about the resentencing proceedings. In other circumstances, we might have held that defendant was on notice of his new hearing and that his failure to appear or respond to communications from counsel constitutes voluntary absence. *See United States v. Mera,* 921 F.2d 18, 20 (2d Cir.1990) (holding defendant may be voluntarily absent if aware of proceedings against him and chose not to appear).

The case at hand is more complicated. Other than counsel Kirchheimer's affidavit that he mailed correspondence to Arrous in France informing him of the new hearing, there is no indication that Arrous ever actually received the correspondence, or notice of the hearing. Nor would defendant have any reason independent of his counsel's communications to expect a new sentencing hearing, much less know when it would occur. Even if the attorney's correspondence did reach Arrous, there is no assertion that it contained information advising him that he could apply to be paroled into the United States. Given the manifold uncertainties surrounding defendant's hearing notification and the options available for attending, we are unable to conclude that his absence was voluntary. Consequently, Rule 43(b) provides no basis for finding defendant's appeal frivolous within the meaning of *Anders.*

## C. *Harmless Error*

■ Although we believe the district court erred when it resentenced Arrous while he was involuntarily absent, we nonetheless hold that the error is harmless and does not warrant us vacating his sentence upon finding his appeal to be non-frivolous. It is well established that " 'there may be some constitutional errors which in the setting of a particular case are so unimportant and insignificant that they may, consistent with the Federal Constitution, be deemed harmless.' " *United States v. Hasting,* 461 U.S. 499, 508, 103 S.Ct. 1974, 76 L.Ed.2d 96 (1983) (quoting *Chapman v. California,* 386 U.S. 18, 22, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967)). Such in our view is this case.

We have previously found room for such harmless error analysis in the sentencing of an involuntarily absent defendant when certain circumstances existed. For example, we have applied harmless error when the resentence is less onerous than the original sentence, *see United States v. Agard,* 77 F.3d 22, 25 (2d Cir.1996) (holding that where defendant was present at a prior proceeding, modification of sentence in defendant's absence by imposing a less onerous one does not warrant vacatur of new sentence), or when a defendant's presence would not have affected the outcome of the resentencing, *see United States v. Pagan,* 785 F.2d 378, 380–81 (2d Cir.1986) (finding defendant's presence constitutionally required when special assessment added to sentence, but imposition of assessment in defendant's absence is harmless error because the correction was mandatory and defendant's presence would not have affected its imposition).

Other circuits have found harmless error in similar circumstances where the defendant's presence would have made no difference in the sentence handed down. *See, e.g., Rice v. Wood,* 77 F.3d 1138, 1144

(9th Cir.1996) (subjecting Rule 43 violation to harmless error analysis and finding defendant's absence during reading of verdict harmless because unlikely presence would have changed jury's vote); *United States v. Rogers*, 853 F.2d 249, 252 (4th Cir.1988) (holding Rule 43 violations subject to harmless error analysis).

Perhaps most persuasive is *Rushen v. Spain*, 464 U.S. 114, 104 S.Ct. 453, 78 L.Ed.2d 267 (1983) (per curiam), where the Supreme Court stated:

> [This] case came to us alleging harmless violations of the right to be present during all critical stages of the proceedings and the right to be represented by counsel, and we therefore analyze only that challenge. These rights, as with most constitutional rights, are subject to harmless-error analysis ... unless the deprivation, by its very nature, cannot be harmless.

*Id.* at 118 n. 2, 104 S.Ct. 453. *See also Arizona v. Fulminante*, 499 U.S. 279, 307, 111 S.Ct. 1246, 113 L.Ed.2d 302 (1991).

■■■ The circumstances present in this case, as a consequence of the legal authority cited, permit us to rule that the resentencing error here was harmless. Arrous' second sentence altered the first only in eliminating the restitution obligation, and it is difficult for us to see how this prejudiced him in any way. Moreover, defendant's presence would have made no difference in the second sentencing. The decision whether to strike the restitution order from the judgment or allow Arrous to withdraw his guilty plea was one that rested solely within the discretion of the district court and did not depend on any input from defendant. And, even though defendant may have had a right to allocute, it would not have affected the resulting sentence, as indicated by the sentencing judge's statement that he would not permit Arrous to withdraw his guilty plea in any case, even were his counsel to use "considerable advocacy skills" to urge that option.

Although we do not lightly find harmless error in any judicial action that implicates a fundamental constitutional interest, the specific facts of the present case do not warrant vacating and remanding Arrous' case for a new sentence because doing so would serve no discernible purpose. Since resentencing Arrous would ultimately be fruitless, his appeal requesting vacatur and remand for resentencing would be in vain. Consequently, we hold that despite error in the sentencing court, no non-frivolous issues exist to raise on this appeal.

## CONCLUSION

Accordingly, we grant attorney Cassidy's *Anders* motion for the Legal Aid Society to be relieved as counsel and also grant the government's motion for summary affirmance.

Motions granted.