09-4405-cr
United States v. Peguero

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OF AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 22nd day of February, two thousand ten.

PRESENT:    PETER W. HALL,
            GERARD E. LYNCH,          *Circuit Judges*,
            TIMOTHY C. STANCEU,*      *Judge.*

_____

United States of America,

                                   *Appellee*,

            v.                                        No. 09-4405-cr

Dionisio Peguero,

                                   *Defendant-Appellant*,

_____

Appearing for Appellant:    JANE SIMKIN SMITH, Millbrook, New York.

Appearing for Appellee:     AVI WEITZMAN, Assistant United States Attorney,
                            (Katherine Polk Failla, Assistant United States Attorney, of
                            Counsel, *on the brief*), for Preet Bharara, United States
                            Attorney for the Southern District of New York, New York,
                            New York.

UPON DUE CONSIDERATION whereof, it is hereby ORDERED, ADJUDGED, AND

DECREED that the judgment of the district court is VACATED and REMANDED for

_____

* The Honorable Timothy C. Stanceu, of the United States Court of International Trade, sitting by designation.

resentencing in accordance with this Order, and, for the reasons that follow, this Court further directs that the case be reassigned to a different judge.

Defendant Dionisio Peguero appeals from a judgment of conviction and sentence imposed in the United States District Court for the Southern District of New York (Hellerstein, *J.*) based on his guilty plea to illegally reentering the United States as an aggravated felon in violation of 8 U.S.C. §§ 1326(a) and (b)(2). Peguero was sentenced to 50 months incarceration and 3 years supervised release and appealed to this court to review, *inter alia,* the district court's application of the Sentencing Guidelines as presumptively reasonable. Persuaded that the district court had committed procedural error by applying the Guidelines as presumptively reasonable, this court entered an order on August 19, 2009, vacating Peguero's sentence and remanding the case for resentencing. On September 25, 2009, following the remand, Peguero requested to participate in the sentencing hearing. On October 14, 2009, the district court entered a "Resentencing Order" without a hearing and imposed the same sentence as that originally imposed. Peguero and the Government agree that the sentence should be vacated and the case remanded for resentencing to take place with Peguero present in open court. *United States v. Arrous,* 320 F.3d 355, 359 (2d Cir. 2003). Peguero also asserts that on remand the matter should be reassigned to a different judge. The Government opposes that request. We assume the parties' familiarity with the relevant facts, procedural history and issues presented for review.

As the government concedes, our remand order clearly vacated Peguero's sentence and sent the case back to the district court for "resentencing." Such an order clearly contemplates a full sentencing procedure, complying with the procedural rules set forth in Federal Rule of Criminal Procedure 32, including the right of the defendant to make written and oral submissions

with respect to the sentence to be imposed. Pursuant to 18 U.S.C. §§ 3553(c) and 3742(g), as well as Rule 43(a) of the Federal Rules of Criminal Procedure, a sentencing court is required to state its reasons for the sentence imposed in "open court." Exceptions to this rule, found under Federal Rule of Criminal Procedure 43(b)(4), are not applicable here. *See e.g., Arrous,* 320 F.3d at 359. As agreed by the parties, we therefore vacate the sentence of the district court and remand for resentencing in open court.

With the exception of instances involving personal bias, we consider three principal factors in determining if reassignment to a new judge is appropriate: (1) whether the original judge would "have substantial difficulty in putting out of his or her mind previously-expressed views or findings determined to be erroneous"; (2) whether reassignment would help to "preserve the appearance of justice"; and (3) "whether reassignment would entail waste and duplication out of proportion to any gain in preserving the appearance of fairness." *United States v. Robin,* 553 F.2d 8, 10 (2d Cir. 1977). "To reassign a case on remand, we need only find that the facts might reasonably cause an objective observer to question [the judge's] impartiality." *United States v. Londono,* 100 F.3d 236, 242 (2d Cir. 1996) (quoting *Pescatore v. Pan American World Airways, Inc.,* 97 F.3d 1, 21 (2d Cir. 1996)) (internal quotation marks omitted) (alteration in original) (abrogated on other grounds by *United States v. Mercurris,*192 F.3d 290, 294 (2d Cir. 1999)).

There is no evidence in the record to suggest that Judge Hellerstein is not impartial. Indeed, we note that the original sentence imposed by Judge Hellerstein was a below-Guidelines sentence. It accounted for time-served by Peguero in an immigration hold that would not be credited as part of his federal sentence. We are fully confident that on remand, Judge Hellerstein

could and would fairly listen to any argument Peguero might make for a lower sentence than that originally imposed.

Peguero does not seriously argue that Judge Hellerstein would not in fact be open-minded. He does argue, however, that the judge's quick reimposition of the same sentence, without hearing further argument, and without acknowledging Peguero's letter of September 25, 2009, which expressly requested a new sentencing hearing and the opportunity to proffer additional submissions for the court's consideration, creates an appearance that new arguments will not be fairly heard. It is unclear what happened to that September 25 letter between its transmission and its docketing on November 12, 2009. *See* Dist. Ct. Doc. No. 18 (filed Nov. 12, 2009). It is also unclear whether Judge Hellerstein in fact considered the letter in advance of entering the Resentencing Order. Nonetheless, because the request was made in connection with the first remand for resentencing and for whatever reason was neither acknowledged nor acted upon, and because part of what was sought in that request (a resentencing hearing) is what we now must order in this disposition, there arise concerns about the appearance of the processes employed to impose a sentence on the appellant.

Precedent suggests that this is an appropriate occasion for remand to a different judge. In *United States v. DeMott*, 513 F.3d 55, 59 (2d Cir. 2008), where the district court similarly reimposed an identical sentence after a first remand without holding a hearing or "eliciting the views of the defendant or the prosecutor," we concluded – without finding any personal bias on the part of the district judge – that reassignment was appropriate because "an objective observer might nonetheless question [the district judge's] impartiality." *Id.* We are mindful that "in a few instances there may be unusual circumstances where . . . assignment to a different judge is

4

salutary and in the public interest, especially as it minimizes even a suspicion of partiality." *United States v. Robin,* 553 F.2d 8, 9-10 (2d Cir. 1977). We are also mindful, and state unequivocally in regard to this case, that "[i]n such circumstances our remand does not imply any personal criticism of the trial or the sentencing judge." *Id.* at 10. Balancing preservation of appearances of justice in this case against the other factors identified in *Robin,* however, and exercising an abundance of caution, we find this to be one of those "unusual circumstances." *Id.* Accordingly, upon remand, the District Court is directed to reassign this case to a different judge.

Finally, we note that Peguero is scheduled to be released from incarceration in May 2010 and will be deported from the United States at the end of that month. For that reason, it is further ordered that Peguero's resentencing proceedings be concluded on or before March 31, 2010.

For the reasons stated above, the judgment of the district court is **VACATED** and the case is **REMANDED** for resentencing consistent with this decision. The mandate shall issue forthwith.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5