08-5404-cr
United States v. Salcedo

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 22nd day of February, two thousand ten.

PRESENT: DENNIS JACOBS,
                                <u>Chief Judge</u>,
      ROSEMARY S. POOLER,
      ROBERT A. KATZMANN,
                                <u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA,
      <u>Appellee</u>,

      -v.-                                  08-5404-cr

WASHINGTON SALCEDO, also known as Primo,
      <u>Defendant-Appellant</u>.
- - - - - - - - - - - - - - - - - - - - - -X

APPEARING FOR APPELLANT:    CHARLES F. WILSON, Nevins & Nevins LLP, East Hartford, Connecticut.

APPEARING FOR APPELLEE:    JOSEPH P. FACCIPONTI (Michael A. Levy, <u>on the brief</u>), United

1

States Attorney's Office for the Southern District of New York, *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Batts, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Washington Salcedo challenges his conviction and his sentence. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

**[1]** Salcedo argues that the district court erred by failing to inform him that his guilty plea would waive his right to compel the attendance of witnesses at trial. Because Salcedo did not raise this issue in the district court, our review is for plain error. <u>Puckett v. United States</u>, 129 S. Ct. 1423, 1428-29 (2009). Plain error review allows vacatur if the defendant proves: (1) error; (2) that is "clear or obvious, rather than subject to reasonable dispute"; (3) that affected substantial rights; and (4) that "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." <u>Id.</u> at 1429 (internal quotation marks omitted). In the context of a Rule 11 challenge, substantial rights are affected if there is "a reasonable probability that, but for the error, [the defendant] would not have entered the plea." <u>United States v. Dominguez Benitez</u>, 542 U.S. 74, 83 (2004).

Salcedo has failed to prove, <u>inter alia</u>, that any error affected his substantial rights. The government recovered 800 grams of heroin from Salcedo and his home on the day of his arrest. The multiple witnesses who inculpated Salcedo at the <u>Fatico</u> hearing would likely have done the same had there been a trial. <u>Cf. United States v. Torrellas</u>, 455 F.3d 96 (2d Cir. 2006); <u>see also Dominguez Benitez</u>, 542 U.S. at 85.

**[2]** Salcedo next argues that the district court erred by

2

failing to advise him that he could be held accountable for more than the one to three kilograms of heroin for which he admitted responsibility. Because Salcedo did not raise this issue in the district court, our review is for plain error. See Puckett, 129 S. Ct. at 1428-29.

Federal Rule of Criminal Procedure 11 requires a district court to ensure that a defendant seeking to plead guilty knows of and understands, inter alia, "any maximum possible penalty, including imprisonment, fine, and term of supervised release" that may result from the guilty plea; "any mandatory minimum penalty" that may be imposed; and "in determining a sentence, the court's obligation to calculate the applicable sentencing-guideline range and to consider that range, possible departures under the Sentencing guidelines, and other sentencing factors under 18 U.S.C. § 3553(a)." See Fed. R. Crim. P. 11(b)(1)(H), (I), (M). Here, the district court fulfilled all of these requirements. Additionally, the district court advised Salcedo that the final drug quantity to be attributed to him would be determined by the court before sentencing.

**[3]** Finally, Salcedo argues that the district court abused its discretion in disallowing him from calling a federal prosecutor (who was prosecuting his case) as a witness. He argues that the prosecutor's testimony would have helped him prove his eligibility to be sentenced under the safety-valve statute. See 18 U.S.C. § 3553(f). But Salcedo was ineligible for that relief regardless of the substance of the prosecutor's would-be testimony. Accordingly, any error was harmless beyond a reasonable doubt. See United States v. Arrous, 320 F.3d 355, 361 (2d Cir. 2003).

Finding no merit in Salcedo's remaining arguments, we hereby **AFFIRM** the judgment of the district court.

                              FOR THE COURT:
                              CATHERINE O'HAGAN WOLFE, CLERK