■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TIMMY LEE WALKER, Appellant. [986 NYS2d 178]—

Appeal by the defendant, by permission, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Lasak, J.), dated October 3, 2011, as denied, without a hearing, that branch of his motion pursuant to CPL 440.20 which was to set aside so much of his sentence as imposed consecutive terms of imprisonment upon his convictions of murder in the second degree and robbery in the first degree.

Ordered that the order is affirmed insofar as appealed from.

The Supreme Court properly denied that branch of the defendant's motion pursuant to CPL 440.20 which was to set aside so much of his sentence as imposed consecutive terms of imprisonment upon his convictions of murder in the second degree (see Penal Law § 125.25 [3]) and robbery in the first degree (see Penal Law § 160.15 [2]). The statutory sentencing scheme requires the imposition of concurrent sentences "[w]hen more than one sentence of imprisonment is imposed on a person for two or more offenses committed through a single act or omission, or through an act or omission which in itself constituted one of the offenses and also was a material element of the other" (Penal Law § 70.25 [2]), but allows for judicial discretion to impose consecutive sentences where the "acts or omissions committed by defendant were separate and distinct acts" (People v Laureano, 87 NY2d 640, 643 [1996] [internal quotation marks omitted]; see People v Frazier, 16 NY3d 36, 41 [2010]; People v Brown, 80 NY2d 361, 364 [1992]; People v Holmes, 92 AD3d 957 [2012]).

Here, the evidence presented at the defendant's trial established that, during the course of and in furtherance of the kidnapping of two victims, the defendant killed a third individual (see People v Walker, 78 AD3d 63 [2010]). The defendant was convicted of felony murder (Penal Law § 125.25 [3]) predicated upon the homicide committed during the commission of the kidnappings. He was also convicted, inter alia, of robbery in the first degree arising from the armed robbery of one of the kidnapping victims earlier in the same evening. Although the defendant's convictions of felony murder and robbery in the first degree may be said to have arisen out of a single, extended transaction, the offenses involved separate and distinct acts. Accordingly, the Supreme Court correctly concluded that the imposition of consecutive sentences upon the defendant's convictions of murder in the second degree and robbery in the first degree was not illegal (see People v Battles, 16 NY3d 54, 58-59 [2010], cert denied 565 US —, 132 S Ct 123 [2011]; People v Brown, 80 NY2d at 364; People v Brathwaite, 63 NY2d 839, 842-843 [1984]; People v Holmes, 92 AD3d 957 [2012]; People v Mannino, 89 AD3d 1105, 1106 [2011]; People v Quirk, 73 AD3d 1089, 1090 [2010]).

The defendant's remaining contention concerning his resentencing on October 6, 2011, is not properly before this Court. Skelos, J.P., Sgroi, Cohen and LaSalle, JJ., concur.