14-355
*United States v. Rodriguez*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at 40 Foley Square, in the City of New York, on the 19th day of December, two thousand fourteen.

Present:     ROBERT A. KATZMANN,
                    *Chief Judge*,
             RALPH K. WINTER,
             SUSAN L. CARNEY,
                    *Circuit Judges.*

---

UNITED STATES OF AMERICA,

    *Appellee*,

    - v. -                                        No. 14-355

DIEGO B. RODRIGUEZ,

    *Defendant-Appellant,*

ALAN QUINONES, HECTOR VEGA, JANET SOTO, MILTON RIVERA, JOSEPH C. BROWN, JOHNNY RODRIGUEZ, SAUL HERNANDEZ, RAUL HERNANDEZ, ROBERT VEVE,

    *Defendants.*

---

For Defendant-Appellant:          Malvina Nathanson, New York, New York

For Appellee:                Nicholas J. Lewin, Michael A. Levy, Assistant U.S. Attorneys, *for* Preet Bharara, U.S. Attorney for the Southern District of New York, New York, New York

Appeal from the United States District Court for the Southern District of New York (Rakoff, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED,** and **DECREED** that the judgment of the district court is hereby **AFFIRMED**.

Defendant-Appellant Diego B. Rodriguez appeals from a November 12, 2013 order correcting his sentence pursuant to Federal Rule of Criminal Procedure 36. We assume the parties' familiarity with the relevant facts, procedural history of the case, and the issues presented for review.

Rodriguez's sole argument on appeal is that he should have been present when the district court corrected his sentence pursuant to Rule 36, which permits district courts to correct "clerical error[s] in a judgment, order, or other part of the record." Rodriguez relies on Rule 43(a)(3), which requires defendants to be present at "sentencing." Although Rule 43(b)(4) creates an exception to this requirement for corrections of sentences pursuant to Rule 35 or 18 U.S.C. § 3582(c), it does not explicitly carve out corrections of clerical errors pursuant to Rule 36.

We need not reach the question of whether Rule 43 entitled Rodriguez to be present at the correction of his sentence. Even assuming the district court erred by correcting the sentence without Rodriguez present, any such error was harmless. As Rodriguez himself acknowledged in asking the district court to correct his sentence, the corrected sentence was substantively identical to Rodriguez's original sentence. *See* J.A. 93 ("The Petitioner does not come before the Court in an attempt to alter his sentence, Petitioner does not seek a modification of any type . . . ."). Instead, the district court simply removed clerical errors from the defendant's judgment and

2

sentence, and excised an anomalous $100 special assessment. Because the corrected sentence was, if anything, less onerous than the defendant's original sentence, any error caused by the defendant's absence was at most harmless. *See United States v. Arrous*, 320 F.3d 355, 361 (2d Cir. 2003) ("[W]e have applied harmless error when the resentence is less onerous than the original sentence or when a defendant's presence would not have affected the outcome of the resentencing." (internal citations omitted)). Accordingly, for the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK