15-2775-pr
*Walker v. Artus*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of November, two thousand seventeen.

Present:
> PIERRE N. LEVAL,
> DEBRA ANN LIVINGSTON,
> DENNY CHIN,
> > *Circuit Judges*,

_____

TIMMY LEE WALKER,

> > *Petitioner-Appellant*,

> v.                                                                15-2775

DALE E. ARTUS, Superintendent, Attica State Prison

> > *Respondent-Appellee*.

_____

For Petitioner-Appellant:         ROBERT RAMBADADT, The Rambadadt Law Office, New York, NY.

For Respondent-Appellee:         WILLIAM H. BRANIGAN, Assistant District Attorney, for Richard A. Brown, District Attorney for Queens County (John M. Castellano & Joseph N. Ferdenzi, Assistant District Attorneys, *on the brief*), Kew Gardens, NY.

Appeal from a July 29, 2015 judgment of the United States District Court for the Eastern District of New York (Kuntz, *J*.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Petitioner-Appellant Timmy Lee Walker ("Walker") appeals from a judgment of the United States District Court for the Eastern District of New York, denying his petition for a writ of habeas corpus. "We review a district court's ruling on a petition for a writ of habeas corpus *de novo*." *Corby v. Artus*, 699 F.3d 159, 166 (2d Cir. 2012). We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

### I.       Background

In October 2006, a jury found Walker guilty of second-degree felony murder, two counts of second-degree kidnapping, one count of first-degree robbery, one count of criminal possession of a weapon in the second degree, and two counts of criminal possession of a weapon in the third degree. On February 8, 2007, Walker was sentenced as follows: (1) 25 years to life imprisonment for the second-degree felony murder count ("count one"); (2) 25 years for each kidnapping count ("count two" and "count three"); (3) 25 years for the first-degree robbery count ("count four"); (4) 15 years for second-degree criminal possession of a weapon ("count five"); (5) three-and-a-half to seven years for one count of third-degree criminal possession of a weapon ("count six"); and (6) seven years for the other count of third-degree criminal possession of a weapon ("count seven"). Counts one, three, five, six, and seven were to run concurrently (for a total sentence of 25 years to life), counts two and four were to run concurrently (for a total sentence of 25 years), and counts two and four were to run consecutively to count one. The Appellate Division affirmed the conviction, and the New York Court of Appeals denied leave to

2

appeal. *People v. Walker*, 908 N.Y.S.2d 419, 422–25 (2d Dep't 2010); *People v. Walker*, 15 N.Y.3d 956 (2010).

On May 6, 2011, Walker, *pro se*, moved under New York Criminal Procedure Law § 440.20 to make the consecutive sentences concurrent. On October 3, 2011, the trial court granted Walker's motion in part, specifying in a written order that count two of Walker's sentence was to run concurrently with count one (because imposing those two sentences consecutively was unlawful), and that all other counts would remain unchanged. On October 6, 2011, the trial court judge amended Walker's sentence in open court in accordance with his written order, with neither Walker nor counsel present.

Walker later appealed the trial court's partial denial of his § 440.20 motion, and also argued on appeal that the trial court judge erred by amending Walker's sentence outside his presence and the presence of his attorney. The Appellate Division affirmed the trial court's decision, finding, *inter alia*, that Walker's right to be present claim was "not properly before this Court." *People v. Walker*, 986 N.Y.S.2d 178, 180 (2d Dep't 2014). The New York Court of Appeals denied leave to appeal. *People v. Walker*, 24 N.Y.3d 965 (2014).

On May 11, 2015, Walker, *pro se*, filed a petition for a writ of habeas corpus with the district court, claiming that his sentence violated his Fifth Amendment rights and that the trial court judge violated his Sixth Amendment rights by resentencing him outside the presence of either himself or his counsel. *Walker v. Artus*, 117 F. Supp. 3d 228, 234 (E.D.N.Y. 2015). The district court denied Walker's motion, finding that he failed to exhaust his Fifth Amendment challenge, and that his Sixth Amendment claim was procedurally barred. *Id.* at 234–39.

Walker timely moved for this Court to issue a certificate of appealability ("COA") for his habeas petition. On December 15, 2016, we granted Walker's COA motion, and ordered counsel

from this Court's *pro bono* panel to brief the issue of "whether the Sixth Amendment requires a criminal defendant to be present at a resentencing hearing following a successful collateral attack on his sentence." App. 9.[1]

## II.     Discussion

We affirm the district court's denial of Walker's petition on the grounds that, even assuming *arguendo* that the state court violated Walker's Sixth Amendment rights by amending his sentence outside the presence of either himself or his counsel, Walker suffered no prejudice thereby.[2] "It is well established that there may be some constitutional errors which in the setting of a particular case are so unimportant and insignificant that they may, consistent with the Federal Constitution, be deemed harmless." *United States v. Arrous*, 320 F.3d 355, 361 (2d Cir. 2003) (internal quotation marks omitted) (quoting *United States v. Hasting*, 461 U.S. 499, 508 (1983)). A court's denial of a defendant's right to be present during a resentencing is subject to this kind of "harmless error" review. *United States v. DeMott*, 513 F.3d 55, 58 (2d Cir. 2008) (per curiam). Such a violation is "harmless" if the defendant's absence was "'unimportant and insignificant' in the context of the case, such as where . . . [the] 'defendant's presence would not have affected the outcome.'" *Id.* (quoting *Arrous*, 320 F.3d at 361).

Here, Walker puts forward no convincing argument for how his presence at the October 6, 2011 sentencing hearing might have affected the hearing's outcome. The sole change in his sentence was the grant, with respect to counts one and two, of Walker's motion to make those sentences concurrent instead of consecutive because imposing them consecutively was not lawful

---

[1]  We later rescinded our order to appoint *pro bono* counsel given that Walker retained appellate counsel.
[2]  Although the district court dismissed Walker's Sixth Amendment claim on procedural grounds, we may affirm the district court's judgment "on any ground that the record supports," *Carpenter v. Republic of Chile*, 610 F.3d 776, 781 n.6 (2d Cir. 2010), and in the interest of judicial economy, we may avoid "a procedural-default question if the merits [are] easily resolvable against the habeas petitioner," *Johnson v. Lee*, 136 S. Ct. 1802, 1806 (2016) (per curiam) (internal quotation marks omitted) (quoting *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997)).

under New York law. Under CPL § 440.20, the court had no authority to change the sentence otherwise than to correct an illegality, and Walker does not argue otherwise.[3] Furthermore, Walker had ample opportunity to challenge the substance of the October 3, 2011 order on appeal to the Appellate Division. Since this hearing was "essentially a non-event," *Walker*, 117 F. Supp. 3d at 238 (quoting *Mills v. Lempke*, 11–CV–440, 2013 WL 435477 at *9 (W.D.N.Y. Feb. 4, 2013)), Walker's absence did not prejudice him. *See United States v. Pagan*, 785 F.2d 378, 381 (2d Cir. 1986) (explaining that when the actions of a trial judge at a sentencing hearing are "mandatory," and "the defendant's presence could not have affected" the result, "the trial court's failure to recall the defendant [is] harmless error"); *see also Hall v. Moore*, 253 F.3d 624, 627 (11th Cir. 2001) ("[W]here the precise sentence for a particular offense is mandatorily fixed by law such that its imposition is merely a ministerial ceremony, with no discretion to be exercised by the sentencing judge, the absence of counsel at such a proceeding could not *possibly* be prejudicial." (emphasis in original) (quoting *Golden v. Newsome*, 755 F.2d 1478, 1483 n.9 (11th Cir. 1985))). Thus, even assuming *arguendo* that the trial court violated Walker's Sixth Amendment rights, we find that any such violation was harmless.

*      *      *

We have considered Walker's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:<br>Catherine O'Hagan Wolfe, Clerk

---

[3] Under CPL § 440.20, a court may "set aside [a] sentence upon the ground that it was unauthorized, illegally imposed or otherwise invalid as a matter of law."

5