20-311-cr(L)
*United States v. Guillen (Jimenez)*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of November, two thousand twenty-two.

Present:

> JOHN M. WALKER, JR.,
> WILLIAM J. NARDINI,
> *Circuit Judges.**

---

UNITED STATES OF AMERICA,

   *Appellee*,

  v.                20-311-cr(L)
                     21-532-cr(Con)

EDWARD JIMENEZ, AKA BUZZY, GABRIEL GUILLEN, AKA TOTI,

   *Defendants-Appellants*,

ZORAIDA RAMIREZ, WILSON GUILLEN, JOEL TAPIA, AKA EMELIO VASQUEZ, MATTHEW VASQUEZ, AKA CABEZA, YEISON SALDANA, AKA JAY, JASON LLANES, AKA JAY MURDER, GABRIEL CARRION, AKA GABY, MOISES SUERO, RICHARD JOSE, AKA KIKI, JHOAN PICHARDO, AKA FLACO, RAFAEL RODRIGUEZ, AKA RAFI, AKA LOS, CARLOS PEREZ,

   *Defendants*.

---

 * The Honorable Beth Robinson, originally a member of the panel, has recused herself from considering this matter. The two remaining members of the panel, who are in agreement, have determined the matter. *See* 28 U.S.C. § 46(d); 2d Cir. IOP E(b); *United States v. Desimone*, 140 F.3d 457 (2d Cir. 1998).

1

| For Defendant-Appellant Gabriel Guillen: | PATRICK J. JOYCE, Law Offices of Patrick Joyce, New York, NY |
|---|---|
| For Defendant-Appellant Edward Jimenez: | Devin McLaughlin, Langrock Sperry & Wool, LLP, Middlebury, VT |
| For Appellee: | MARGARET GRAHAM, Assistant United States Attorney (Hagan Scotten, Assistant United States Attorney, *on the brief*), *for* Damian Williams, United States Attorney for the Southern District of New York, New York, NY |

Appeal from judgments of the United States District Court for the Southern District of New York (Kimba M. Wood, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED** as to Defendant-Appellant Gabriel Guillen, and that counsel's motion to withdraw, the government's motion to dismiss, and the government's motion for summary affirmance are **GRANTED** with respect to Defendant-Appellant Edward Jimenez.

Defendant-Appellant Gabriel Guillen appeals from a judgment entered on December 22, 2020, and Defendant-Appellant Edward Jimenez appeals from a judgment entered on October 28, 2019.  Guillen pleaded guilty to conspiring to distribute and possess with intent to distribute at least one kilogram of heroin, at least five kilograms of cocaine, and at least 280 grams of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846.  The district court sentenced him to a 312-month term of imprisonment followed by five years of supervised release.  Guillen challenges the procedural and substantive reasonableness of that sentence and, on due process grounds, the procedures followed at his sentencing hearing to resolve factual disputes relating to his Guidelines calculations.  Jimenez pleaded guilty to conspiring to distribute and possess with

intent to distribute at least 500 grams of mixtures and substances containing cocaine, in violation of 21 U.S.C. § 841(b)(1)(B), as a lesser included offense of the § 841(b)(1)(A) charge set forth in his superseding indictment. The district court sentenced Jimenez to 176 months of imprisonment, four years of supervised release, including special conditions, forfeiture equal to the amount of funds seized from him on the day of his arrest, and a special assessment. Jimenez's attorney, Devin McLaughlin, moves to be relieved as counsel pursuant to *Anders v. California*, 386 U.S. 738 (1967), and the government moves to dismiss Jimenez's appeal or summarily affirm the district court judgment. We assume the parties' familiarity with the case.

Guillen first challenges his sentence on procedural grounds, arguing that the district court's calculation of drug quantity was clearly erroneous. "A district court commits procedural error when . . . it makes a mistake in its Guidelines calculations." *United States v. Chappelle*, 41 F.4th 102, 107 (2d Cir. 2022) (internal quotation marks omitted). We review findings of fact made after a sentencing hearing for clear error. *See United States v. Rubenstein*, 403 F.3d 93, 99 (2d Cir. 2005). Such facts must be found by a preponderance of the evidence. *See United States v. Garcia*, 413 F.3d 201, 220 n.15 (2d Cir. 2005). Clear error will be found only where, on the entire evidence, this Court is "left with the definite and firm conviction that a mistake has been committed." *United States v. Dumitru*, 991 F.3d 427, 436 (2d Cir. 2021) (internal quotation marks omitted).

Following Guillen's sentencing hearing, the district court issued findings of fact and conclusions of law in which it determined that Guillen's base offense level was 36. The district court based that determination, in large part, on the testimony of Rafael Rivera, a cooperating witness. Guillen argues that the district court's reliance on Rivera's "uncorroborated testimony" was error, Appellant Guillen's Br. 18, and that the district court further erred by basing its

credibility determination, in part, on the consistency between Rivera's testimony at the sentencing hearing and his testimony, as reflected in a transcript from co-defendant Joel Tapia's trial, that had not been "introduced into evidence," *id.* at 19. We reject both arguments.

First, it was not procedurally unreasonable for the district court to determine that Guillen's base offense level was 36, based, in large part, on Rivera's testimony as to drug quantity. The district court's credibility determinations "are entitled to substantial deference." *United States v. Norman*, 776 F.3d 67, 78 (2d Cir. 2015). Here, the district court noted that: Rivera's demeanor was calm; he took time to consider questions and responded carefully; he freely acknowledged when he did not recall responsive information; and his testimony was consistent both with other evidence introduced at the sentencing hearing and with his testimony at the Tapia trial. We will not disturb such assessments of witness credibility, which the district court "was free to determine for itself." *United States v. McLean*, 287 F.3d 127, 133 (2d Cir. 2002). Second, Guillen's arguments about the types and sources of evidence the district court was limited to considering at the sentencing hearing are inconsistent with this Court's precedent. *See United States v. Tracy*, 12 F.3d 1186, 1202–03 (2d Cir. 1993); *United States v. Carmona*, 873 F.2d 569, 574 (2d Cir. 1989).

Guillen next challenges his sentence as substantively unreasonable because, he contends, it is longer than the median sentence imposed for murder in the Southern District of New York and significantly longer than Jimenez's sentence. We view a challenge to the substantive reasonableness of a sentence under "the totality of the circumstances, giving due deference to the sentencing judge's exercise of discretion, and bearing in mind the institutional advantages of district courts." *United States v. Martinez*, 991 F.3d 347, 359 (2d Cir. 2021) (internal quotation marks omitted). In other words, we review such sentences for abuse of discretion, reversing only where "the sentence imposed was shockingly high, shockingly low, or otherwise unsupportable as

a matter of law." *Id.* (internal quotation marks omitted). "[I]n the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances." *United States v. Alcius*, 952 F.3d 83, 88–89 (2d Cir. 2020) (internal quotation marks omitted). Therefore, it is "difficult to find that a below-Guidelines sentence is unreasonable." *Id.* at 89.

Here, the Guidelines provided a range of 324 to 405 months of imprisonment. The district court imposed a sentence of 312 months, deducting 12 months from the bottom of the Guidelines range to reflect "the onerousness of the conditions" in which Guillen had been held. Guillen App'x 290–91. The district court also weighed the 18 U.S.C. § 3553(a) factors. Specifically, the district court reasoned that Guillen's offense was "extraordinarily serious" as he "ran a very big drug trafficking organization" that disseminated "highly addictive" drugs into the community. *Id.* at 289–90. With respect to Guillen's history and characteristics, the district court noted that Guillen had "conducted this enormous conspiracy" while "still on supervised released for a prior narcotics crime." *Id.* at 290. The district court also observed that Guillen had played a "unique role" in the conspiracy—a role "far more serious than that of his nearest codefendant, Mr. Jimenez." *Id.* Because the district court's chosen sentence "can[ ] be located within the range of permissible decisions," *United States v. Chu*, 714 F.3d 742, 746 (2d Cir. 2013) (internal quotation marks omitted), and is not "shockingly high, . . . or otherwise unsupportable as a matter of law," *Martinez*, 991 F.3d at 359 (internal quotation marks omitted), we find no substantive error in the sentence imposed.

Finally, Guillen argues that the district court abused its discretion and violated his Fifth Amendment right to due process by "precluding" his counsel from cross-examining Rivera at Guillen's sentencing hearing about matters that were already in the record from Tapia's trial.

5

Appellant Guillen's Br. 22–23. We review district courts' decisions regarding what types of procedures are needed at sentencing for abuse of discretion. *United States v. Slevin*, 106 F.3d 1086, 1091 (2d Cir. 1996). A sentencing court "is not required, by either the Due Process Clause or the . . . Guidelines, to hold a full-blown evidentiary hearing in resolving sentencing disputes." *United States v. Phillips*, 431 F.3d 86, 93 (2d Cir. 2005) (internal quotation marks omitted). "All that is required is that the court afford the defendant some opportunity to rebut the Government's allegations." *Id.* (internal quotation marks omitted).

Here, the district court repeatedly advised Guillen's counsel that the court was familiar with the content of the Tapia trial transcript and that certain topics elicited on cross-examination had already been covered during the government's direct examination of Rivera earlier in the sentencing hearing. But the district court did not preclude Guillen's counsel from continuing to cross-examine Rivera. Rather, it afforded Guillen's counsel "some opportunity to rebut the Government's allegations," *id.* (internal quotation marks omitted), before recommending to counsel that it would be more fruitful to cover new ground during the cross-examination. Such procedures do not amount to abuse of discretion. *See United States v. Sampson*, 898 F.3d 287, 308 (2d Cir. 2018) (noting district court's "broad discretion in controlling the scope and extent of cross-examination" and ability to "impose reasonable limits on cross-examination to protect against, *e.g.* . . . waste" (internal quotation marks omitted)).

\* \* \*

As to Jimenez and his counsel, McLaughlin, the *Anders* doctrine permits "court-appointed appellate counsel [to] move to be relieved from his or her duties if 'counsel is convinced, after conscientious investigation, that the appeal is frivolous.'" *United States v. Arrous*, 320 F.3d 355, 358 (2d Cir. 2003) (quoting *Anders*, 386 U.S. at 741). "This Court will not grant [an] *Anders*

6

motion unless it is satisfied that (1) 'counsel has diligently searched the record for any arguably meritorious issue in support of his client's appeal,' and (2) 'defense counsel's declaration that the appeal would be frivolous is, in fact, legally correct.'" *Id.* (quoting *United States v. Burnett*, 989 F.2d 100, 104 (2d Cir. 1993)).

Jimenez pleaded guilty pursuant to a plea agreement in which he waived his right to file a direct appeal of, or otherwise challenge, "any sentence within or below the Stipulated Guidelines Range of 168 to 210 months' imprisonment" or "any term of supervised release that is less than or equal to the statutory maximum [of life]." Jimenez App'x 28. Jimenez's sentence of 176 months of imprisonment and four years of supervised release triggered the plea agreement's waiver provisions, and a waiver that is "knowingly, voluntarily, and competently provided by the defendant" will generally be upheld, *United States v. Gomez-Perez*, 215 F.3d 315, 318 (2d Cir. 2000). In the absence of any argument to the contrary, Jimenez is therefore precluded from appealing his terms of imprisonment and supervised release. Jimenez is, however, free to challenge his conviction, special conditions, forfeiture, or special assessment. *See United States v. Hernandez*, 242 F.3d 110, 113 (2d Cir. 2001); *United States v. Cunningham*, 292 F.3d 115, 117 (2d Cir. 2002). But as Jimenez's counsel and the government both contend, these do not present any non-frivolous grounds for an appeal. Accordingly, counsel's motion to be relieved and the government's motion to dismiss Jimenez's appeal, or to summarily affirm the district court judgment, are granted.[1]

\* \* \*

---

[1] Jimenez also moves for acceptance of his *pro se* reply to the government's motion to dismiss or for summary affirmance. Dkt. 135. That motion was referred to this panel, Dkt. 139, and is hereby granted.

We have considered Defendants-Appellants' remaining arguments and find them to be without merit. For the reasons stated above, the judgment of the district court is **AFFIRMED** as to Guillen; Attorney McLaughlin's motion to withdraw as Jimenez's counsel is **GRANTED**; the government's motion to dismiss Jimenez's appeal is **GRANTED** as to his terms of imprisonment and supervised release; and the government's motion for summary affirmance is **GRANTED** as to Jimenez's conviction, special conditions, forfeiture, and special assessment.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk